BUTTERFIELD *vs.* HOWE, impleaded, &c.

A testatum clause is no longer necessary in a fieri facias issued to a county different from that in which the venue is laid.

Dec. 1837.

IN this case among other grounds relied on for setting aside the plaintiff's proceedings, it was urged that the *execution* was irregular in not containing a *testatum clause*: the venue in the cause having been laid in the county of *Oneida*, and a writ of *fieri facias* having been issued to the county of *Jefferson*.

It was insisted on the part of the plaintiff that since the statute authorizing executions to be issued *at the same time* to sheriffs of *different counties*, 2 R. S. 364, § 6, the practice of inserting a *testatum* clause must be considered as abolished, even as a matter of form. To which it was answered that the statute did not change the practice; that previous thereto executions were issued in the mode pointed out therein,

at the peril of paying sheriffs' fees in each county, if property to a sufficient amount to satisfy the debt was levied upon in more than one county; and that inasmuch as the statute was silent upon the subject, a *testatum* clause was as necessary now as it ever had been.

The CHIEF JUSTICE denied the motion.

ALBANY,
Jan. 1838.

The People
v.
Sheriff of
Broome.

---

### ANON.

An attorney is not bound to take a letter from the post office charged with *postage*, though he has reason to believe it contains law papers, and the effect of his omission is a default of his adversary.