By the Qourt,

Nelson, C. J.
The principle of the case of The Orange County Bank, v. Brown, 9 Wendell, 85,1 think decisive against the plaintiff here. That case was very fully argued before us, and the law of it deliberately settled. There the traveller’s trunk contained $11,250 in money, and the plaintiff sought to recover it as part of the baggage lost. We held it did not fall within the commonly received import of that term, and that the attempt to carry it free of reward, under the cover of baggage, was an imposition upon the carriers.
In delivering the opinion of the court, I there adverted to the doc *352 trine first held by the courts, that the proprietors-of stage coach- [ *461 ] es were not liable for the traveller’s baggage, unless a *distinct price had been paid, on the ground that the carrier is liable only in respect to his reward, and that the compensation should be in proportion to the risk; that latterly a reasonable amount of baggage, by common usage, was deemed to be included in the fare of the passenger : but that the courts should not allow this custom to be abused, and, under pretence of baggage, include articles not within the scope of the term or intent of the parties ; thereby defrauding the carrier of his just- compensation, besides subjecting him to unknown hazards.
How the contents of the trunk in question has no more necessary connection with the baggage or luggage which it is customary to allow passengers to carry for the journey, than the money in the case of the Orange County Bank. They consist wholly of merchandise not distinguishable from the two boxes of goods sent at the same time to the freight boat, to be transported in the ordinary way. The trunk did not contain an article for the personal convenience of the traveller; and was packed and put on board the defendant’s boat, confessedly for a totally different purpose, namely, to get a speedy conveyance of the goods to his store in Delhi.
It was also observed, in the case above referred to, that if the amount of money in the trunk was not fairly included in the term baggage, as used in the connection there found, the conduct of the traveller was a virtual concealment of the sum: his representation of the trunk and the contents as baggage, jn the customary sense, was unfair and calculated to impose on the captain; which of itself would exonerate the defendants. The cases illustrating this principle where there referred to, pp. 116,118. In Gibbon v. Paynter, 4 Burr. 2298, an hundred pounds in gold was packed in an old nail bag, which was stuffed with straw to give it a mean appearance. The court held the plaintiff guilty of imposition upon the carrier ; that he meant to cheat him of his hire. Aston, J. said it was money sent under concealment of its being money ; that the true principle of a carrier being answerable is his reward, &c. See also Batson v. Donavan, 4 Barn. & Ald. 340.
[ *462 ] *The principle applies fully to the case before us. I would not say the plaintiff intended to impose upon the defendant, and under the cover of baggage obtain the transportation of merchandise free of expense: this is not material. It is sufficient that such is the practical effect of his conduct. Heither the captain or any of the hands on board the boat, could have suspected that it was a box of costly merchandise, requiring extraordinary attention and care. They could regard it only as the ordinary baggage trunk of the traveller, containing the usual personal conveniences belonging to him in that character, falling within the customary *353 fare, and to be stowed away in the place where such articles are usually de posited. The defendant is thus doubly wronged : 1st, deprived of his just reward for carrying the goods; ánd, 2d, prevented from exercising proper precaution against the dangers to which the property may be exposed. Cowen, J. dissented.
New trial granted.