SAMUEL A. WHITE v. THOMAS HOLLIDAY.

It would seem that where a party fails to cause his field-notes to be returned within the time prescribed by law, whereby his location becomes void and the land open to location by others, he cannot obtain relief against his loss, however great the hardship, from the judicial department of the Government, except where the land has been since located by another, under such circumstances as would entitle the first locator to claim that the second location was, in equity, made in trust for him. For such circumstances see The State v. Vickery, 19 Tex. R. 326.

Where a party litigant produces a deed, and asserts a right under it, and the grantor, who has no interest, is offered as a witness, to prove the execution of the deed by himself, such evidence is admissible, without calling the subscribing witnesses, or accounting for their absence.

Appeal from Victoria. Tried below before the Hon. Fielding Jones.

The facts appear from the Opinion. The deed was authenticated by the acknowledgment of it before a Notary, by January, the grantor.

S. A. White, for himself. The material point for the consideration of this Court is, whether the deed from January to plaintiff was properly authenticated, by the acknowledgment before the Notary; and if not, was the maker competent to prove it in open Court. This last seems to me to be determined in the case of Holdeman v. Craft, in M. S., as appears by the Texas Digest, title ADMISSIONS. I have not seen the decision in that case; but in the absence of all adjudication, the fact that our statute authorizes the grantor to acknowledge the grant for the purpose of authentication, before a Notary Public, or for the purpose of record before the Clerk, takes it out of the Common Law rule, requiring a subscribing witness to prove it; and once out of that rule, there is no authority requiring a better witness than the grantor. (Perhaps an exception in the case of prior creditors.) But if the acknowledgment is not sufficient, the 2610 Art. Hart.

Dig. expressly makes all acknowledgments taken by a Notary Public evidence in all the Courts of the State; which is believed conclusive on this head.

*W. S. Glass*, for appellee. I. A grantor cannot prove his own deed. This is the Common Law, and we have not changed it by statute. It is held to be the rule of decision in other States of the Union, which have adopted the Common Law, and where registry laws are in force, but no change in this particular has been made by express statute. The policy of registry laws has not been held to repeal by implication the Common Law on this subject. The reason of the rule still exists in all its force. (Phillips on Evidence, 4 vol. p. 361, Cowen & Hill's Notes, where the authorities are collected.)

II. Notaries Public are authorized to take the acknowledgment and proof of deeds "in the manner provided for by law to entitle them to registration;" and to give certificates thereof, which shall be evidence of the facts therein contained in all the Courts of the State. (Hart. Dig. Art. 2606, 2610.) The Notary's certificate is evidence of the acknowledgment, and the effect of that acknowledgment is to entitle the instrument to registration. The Notary has no authority to take an acknowledgment for any other purpose; and no other effect can be given to it. That the Legislature so intended is evident from the fact that the District Court Act of 1846, which was passed at the same Session with that regulating the office and duties of Notaries Public, and went into effect the same day, provides that all duly registered instruments shall be admitted in evidence, without the necessity of proving their execution, provided they be filed among the papers of the suit three days before the trial, and notice of the filing given to the opposite party, &c. (Hart. Dig. Art. 745.) By unavoidable inference, although duly acknowledged and recorded, their execution must be proven, and of course in accordance with the Common Law, unless they are filed and notice given.

III. But the ruling of the Court upon the admissibility of the deed as evidence is wholly immaterial as to the result, if the exceptions to the amended petition were rightly sustained. The amended petition put in issue the validity of the title under which the defendant claims, on special exceptions thereto.

White v. Holliday.

ROBERTS, J. The appellant having brought an action of trespass to try title, based his right upon two surveys, of six hundred and forty acres each, by virtue of two certificates.

The field-notes of one of them were not returned to the General Land Office previous to the first day of September, 1853. The excuse, rendered by him for this failure, is that they were filed in a suit pending between the same parties, and that the Judge of the Court, although applied to in vacation for that purpose, would not grant an order for their withdrawal, nor would the opposite party consent to it. It is not shown for what purpose they were filed; nor can it well be imagined how, otherwise than by being made a part of the pleadings, they could become a part of the records by being filed, so as to take them out of his control. Neither does it appear, if they were beyond his control, that he sought to withdraw them during either of the two or three Terms of the Court, that must have transpired between the passage of the Act of 1852 and the time at which it required the field-notes to be returned.

But were the excuse much stronger, we are not prepared to hold that it would avail the appellant. The Legislature had repeatedly extended the time for the return of field-notes, previous to the Act of 1852. The time given in this Act, being about eighteen months, and expiring before it could be again extended by the convening of another Session of the Legislature, indicates its design to have been a peremptory requirement, as matter of policy on the part of the Government, in the administration of its land system. It is only necessary, now, to intimate the inclination of our opinion, that this statute should have been strictly complied with by the party, in order to preserve his right under his survey. The case must turn on another question, which relates to the admissibility of testimony.

To establish his title to the other certificate, appellant offered in evidence an attested deed from January to himself, authenticated for record, but which had not been filed and notice thereof given to appellee in accordance with the statute. The instrument being excluded by the Court, January, the grantor, was offered as a witness to establish the deed; and the absence of the attesting witnesses not having been satisfactorily accounted for, the Court refused to permit the grantor to testify for that purpose. To which ruling of the Court the appellant excepted.

To the first point here raised, it is hardly necessary to refer; as there was clearly a failure to comply with the requisition of the

statute in the admission of a recorded deed as secondary evidence. (See Hart. Dig. Art. 745.)

The important question presented is, Can the grantor be admitted as a witness to establish the deed, the absence of the attesting witnesses not being accounted for?

Generally, the subscribing witnesses must be produced to prove an attested instrument. (2 Phillips' Ev. 202; 1 Greenleaf's Ev. Sec. 568.) From time immemorial men have been predisposed to impart their mutual agreements to third persons, as witnesses. In England, formerly, it is said, the leading and best known gentlemen in the neighborhood were usually selected as witnesses of deeds, and the whole transaction was communicated to them. If any dispute arose between the parties to the deed, they constituted a necessary part of the jury to try it. Hence the stringency of the rule, that they must be called as the best evidence, and if they cannot be produced, then their signatures must be proved. By custom, at present, men are indiscriminately chosen as witnesses; capacity to write being the chief qualification. Most usually they are not informed of the contents of the instrument, or the considerations, or attending circumstances, or objects, of its execution; and therefore can generally do no more than recognize their attestation, and identify the parties, when called as witnesses. This is particularly the case in this State, where, for the last thirty years, lands and land-certificates have been the leading objects of trade. Whether much or little be communicated to them, to that extent they are the plighted witness, for and between the parties, about their contract. When are they needed? Are they needed at all, when the parties are both agreed upon the same thing, about the execution and objects of the contract, and have no issue or dispute in relation to it? If it be an essential element in their creation and capacity, that they must be produced when the parties are agreed, a party litigant cannot admit his deed by plea or other writing filed in court. That has never been doubted. (Lang v. Kaine, 2 Bos. & Pul. 85.) This is a stretch to which even Lord Ellenborough, who was the most rigid adherent to the rule, would not go; although he did doubt the sufficiency of a written admission of the grantor's and witnesses' signatures, filed by the attorney in the cause. (Milward v. Temple, 1 Campbell, 375.)

By what stronger evidence can it be made to appear, that the parties to the deed do agree about its execution, (and thereby dispense with the subscribing witnesses,) than for the grantee to

assert its execution in his petition, and to procure the grantor to appear in open Court on the trial, and as a witness, swear to the execution, as alleged by the grantee? In the case now before the Court, the witnesses cannot know anything, which is material to the ultimate rights of Holliday. It is immaterial to him, so far as his rights to the land are concerned, whether the title to the certificate is vested in January or White. If they were produced, and were to say that they never saw the instrument, or that it was a forgery, or obtained from one of unsound mind at the time, still White might establish it by other witnesses, or even by the proof of this, or a previous, acknowledgment of January. (Park v. Mears, 3 Esp. 170-1-2; Ley v. Ballard, Id., in note; Lowe v. Joliffe, 1 Bl. Rep. 365.) If they, the witnesses, were to say that it was acquired from January through fraud, or without consideration, or in trust, or the like, those would be immaterial matters in reference to the issues in this case, and would avail the appellee nothing. Then why call the witnesses, if the matter is agreed on, of which they bear witness, in open Court, by the highest test of truth; by the parties to the deed; when it is shown that White would be allowed to establish it by this same admission of January, if the witnesses, when produced, failed to establish it; and when they could say nothing of the invalidity of the deed, apart from its execution, which could benefit the appellee? There can be no use in it; and therefore the evidence of the grantor should have been admitted in this case.

This view of the subject, it is believed, is in accordance with the rules of evidence at Common Law.

As early as in the reign of Henry VI., a deed, acknowledged and enrolled of record, was admitted in evidence without producing the attesting witnesses; upon the reason, that it was a prerequisite to enrolment, that the Court examined the grantor, and received his solemn acknowledgment of its execution. (Year Book, Hil. 9, Henry VI. pl. 8.)

In the reign of William and Mary, upon a trial in ejectment in the King's Bench, Chief Justice Holt, Justice Eyre, and all the Court, concurring in the ruling, a deed of bargain and sale, acknowledged and enrolled, was admitted to be given in evidence, without any proof made of the bargainor's sealing and delivery thereof. "For the acknowledgment of the party in a Court of record, or before a Master extraordinary, in the country, (as this was,) is good evidence of its being sealed and delivered; and

such an acknowledgment estops a man from pleading *non est factum.*" (Smarth, *Ex. Dem.* Newport v. Williams, 1 Salk. R. 280.)

There are two controlling points to be noticed in these cases. 1st. The grantor acknowledged the execution of his deed before a Court of record, or before an officer of Court authorized to receive it. 2d. The acknowledgment was communicated to the Court trying the cause, by an authentication of indubitable verity.

The case before us is much stronger. For the acknowledgment is proposed to be made in the face of the Court trying the cause, upon the oath of the grantor, examined, and liable to be cross-examined, as a witness.

Another case came before the same Court on error, in A. D. 1701, in which the execution of the deed was proved by an indorsement on the back, reciting part of it, by the grantor, and acknowledging it to be his deed. Upon an objection, that this was not sufficient to dispense with the subscribing witnesses, the following terse answer was given, as- the judgment of the Court thereon: " HOLT. Can there be better evidence of a deed than to own it, and recite it under his hand and seal? *Et per totam cur' jud' affirm'.*" It must be presumed that the authenticity of the acknowledgment, on the back of the deed, was a fact not questioned, and the recital placed beyond all doubt the identity of the deed, which was intended to be acknowledged. By which this is made to harmonize in principle with the preceding cases. (Dillon v. Crawley, 12 Mod. R. p. 500.)

The next case, deserving attention, is Abbot v. Plumbe, (1 Doug. R. 216,) decided in 1779, by Lord Mansfield and Justices Ashhurst and Buller. To prove an attested bond, a witness (not the subscribing witness) was called, who swore that the obligor acknowledged to him that he owed the debt, (which was due by the bond.) This evidence was objected to; and Lord Mansfield, in deciding in favor of the objection, said: " To be sure, this is a captious objection; but it is a technical rule, that the subscribing witness must be produced, and it cannot be dispensed with, unless it appear that his attendance could not be procured." This does not overrule, nor indeed is it inconsistent with the principle of, the previous cases; for just such a case as this was brought up in argument upon the decision of Dillon v. Crawley, above cited. Here it was proposed to show, in effect, that the parties to the bond agreed as to its execution, (and thereby dispense with the subscribing witnesses,) by proving a verbal ad-

mission *in pais* of the obligor. Apart from any other objection to this, it was placing a verbal admission, with all its uncertainty, in the identity of the debt with this particular bond, in its liability to misconstruction and misrepresentation, by coming through the medium of the testimony of a third person, on an equality with the direct testimony of the plighted witnesses. Verbal admissions are a kind of evidence so subject to imperfection and mistake, that Judges often feel it to be their duty, as in that of accomplices, to caution the jury in relation to it. (1 Greenleaf, Sec. 45.) From a review of these cases, it is readily concluded, that, had the question, now before us, been presented to those great jurists, Holt and Mansfield, they would not have hesitated to admit the testimony.

In more modern times, a rule has been attempted to be deduced from this case of Abbot v. Plumbe, which, it is believed, it will not warrant; and that is, that although the grantor appear, on the trial, as a witness in Court, and offer to prove the deed, he will not be allowed to do so, if the subscribing witnesses can be produced. The first case of this sort is that of Johnson v. Mason, (1 Esp. R. 89,) tried at Nisi Prius before Lord Kenyon in 1794. The action was replevin; and Johnson derived his lease by deed from Ballard, executed by Mrs. Ballard, under a power of attorney from Ballard. He offered Mrs. Ballard to prove his deed, and Mason objected to the question asked her as to the execution, until the deed should be proved by the subscribing witness. Lord Kenyon said, " that Lord Mansfield had once, by surprise, allowed a man to acknowledge his own deed in Court, without calling the subscribing witness; but that he afterwards changed his opinion, and held that a party should not be allowed to acknowledge his deed, until it had been proved by the subscribing witnesses." In support of this, the case of Abbot v. Plumbe is cited in the note of the case. The witnesses being at hand were examined, and the case did not go up, and therefore it was not decided by a full Bench. Now, that the case of Abbot v. Plumbe will not support this doctrine, is too plain for discussion. In that case a third person, and not the party to the bond, was introduced, and proved the obligor's acknowledgment of execution *in pais;* and the obligor was not in Court, was not a party to the suit, except through his assignees in bankruptcy, and did not acknowledge his bond in Court. And afterwards, when the case was tried before the Justices, Lord Mansfield manifested his disfavor to the objection made even to

this evidence, by rather captiously styling it a captious objection. If it be some other case not reported, to which Lord Kenyon refers, as having been decided by Lord Mansfield, then the case of Abbot v. Plumbe does not overrule it.

The next case in point is The King v. the Inhabitants of Harringworth, decided in the Court of King's Bench on appeal, (A. D. 1815,) in relation to the settlement of Parr, a pauper. Parr was offered as a witness to prove an indenture of apprenticeship, purporting to have been executed by himself, his father, and one Drake, he, Parr, having no interest in the suit. His evidence was objected to, because the subscribing witnesses were not called in. Lord Ellenborough, in sustaining the objection, said: " Here, the only question is, whether the parties who seek to prove the execution of this indenture, must not make their way to what may be called secondary proof, through the medium of those witnesses, who are the plighted witnesses to the transaction, by first disposing of their testimony. If there ever was a case in which the rule might reasonably have been relaxed, it surely was the case of Abbot v. Plumbe, yet in that case the Court held the rule to be inexorable. The rule, therefore, is universal, that you must first call the subscribing witness." This is the only authority referred to in the Opinion. (2 Maule & Selwin's R. 351–2–3.) Here, again, the case of Abbot v. Plumbe is referred to, as if the obligor had appeared in Court, and acknowledged his bond. It is true, this case might have been put on the ground, that though Parr might acknowledge the deed in Court, as to his own execution of it, still he could not be allowed to prove it as to his father and Drake, because there were subscribing witnesses who were not called, and therefore he was not competent to prove the execution of the whole instrument. Yet such was not the ground upon which the learned Judge chose to rest it; but, upon the authority of the case of Abbot v. Plumbe, he announced the rule as universal, that the witnesses must be called, and did not make any distinction between making the acknowledgment by the grantor himself, at the trial in Court, and the proof by a third person of his acknowledgment, made by him out of Court.

These are all the English cases, that have been found, which are in point directly. There are numerous cases, having a connection with the subject, in which the case of Abbot v. Plumbe is referred to, as establishing this doctrine, as announced by Lord Kenyon and Lord Ellenborough. (Barnes v. Tromponsky, 7 Term

R. 267; Call v. Dunning, 5 Esp. R. 16.) Most of the late elementary writers on evidence treat the subject in the same light. (2 Phillips' Ev. 202; 1 Greenleaf, Ev. Sec. 568.) Still we do not think that the case of Abbot v. Plumbe was intended by Lord Mansfield, or can be properly construed, to overturn the ancient rule as laid down by the King's Bench in the cases first cited, and as announced by one of England's greatest lawyers, Chief Justice Holt.

Chancellor Kent evidently did not so understand it, as is abundantly evidenced by his opinion in a similar case to that of Abbot v. Plumbe. (See Fox & Payne v. Reil & Reil, 3 Johns. R. 467.) After quoting the cases decided by Chief Justice Holt, he puts his exclusion of the evidence of the acknowledgment of the bond, made to a third person out of Court, and offered to be proved in Court, not upon the ground, that the subscribing witnesses must be called in all cases where they can be produced, but on the ground, that the admission was inferior in its nature and less solemn in its form, than in any of the cases he had found, in which the subscribing witnesses were dispensed with; thereby necessarily implying that the acknowledgment by the obligor, in his opinion, might be so made, as to dispense with the subscribing witnesses.

In Kentucky the question has been directly decided both ways by the same Court. (Brashier v. Burton, 4 Bibb, R. 442; McConnel v. Brown, 5 Littell, S. C. 463.)

It may not be amiss here to remark, that cases may arise in which the reason of this rule, for dispensing with the subscribing witnesses, will not apply. It may be, that it may not apply, when the law permits one person to assert the real rights of another in the avoidance of deeds and assignments alleged to be fraudulent, and the like. It is only necessary now, however, to determine, that where a party litigant produces a deed, and asserts a right under it, and the grantor, who has no interest, proves, under his oath, as a witness, the execution of the deed by himself, such evidence is admissible, without calling the subscribing witnesses or accounting for their absence. This is not an exception under the rule, that the subscribing witnesses must be called or accounted for; but a case above the rule, and superseding it; and in accordance with that which enjoins, that the best evidence must be adduced.

The questions on the exceptions of appellee to that part of appellant's petition, which sets forth the abandonment of the coun-

try by, and alienage of, the parties, under whom the appellee claims, do not arise in this case. Because the allegations were made by anticipation in avoidance of a defence, which was not pleaded by appellee.

As the Court erred in excluding the evidence of January, to prove his own deed, the judgment is reversed, and the cause remanded.

Reversed and remanded.