J. M. WIGGINS V. M. L. FLEISHEL ET AL.

1. CERTIFICATE OF ACKNOWLEDGMENT.—The acknowledgment by a grantor of a deed for record does not render it admissible in evidence, except under the statute, after filing and three days' notice to opposite party.

2. EVIDENCE—GRANTEE AS WITNESS.—A grantee in a deed cannot testify to the execution of such deed without accounting for the absence of subscribing witnesses thereto.

3. SAME—GRANTOR.—Depositions of a grantor in answer to questions assuming the existence of the deed, and without his having the deed before him and identifying it, are not admissible as proof of its execution.

4. PRACTICE— CONTINUANCE.— The application to continue a case after the trial has begun, on account of the withdrawal of a material witness from the court-house during the trial, is, to a great degree, left to the judge presiding.

5. PRACTICE.—The exclusion of an original deed, where a copy has been admitted and the party has had the benefit of the deed in evidence, is not an error for which a cause will be reversed.

APPEAL from Smith.   Tried below before the Hon. M. H. Bonner.

On the 22d day of January, 1877, John M. Wiggins filed a suit in the District Court of Smith county, Texas, against M. L. Fleishel and W. H. Hendrix, as the sureties of one B. K. Smith, on an injunction bond given by Smith in a suit brought by him in the District Court of Smith county, Texas,

on the 4th day of February, 1874, against John H. Rowland and Wiggins. In this latter suit it was claimed that Rowland and Wiggins were partners in certain saw-mill property in Smith county; that they had dissolved their partnership; that there had been no settlement of accounts between them, and, on information, plaintiff believed that Wiggins would, on settlement, be found to have received a sufficiency of the partnership assets into his hands belonging to Rowland to satisfy and discharge a debt of one thousand dollars gold that he held against Rowland, thereby leaving the mill property unincumbered by a deed of trust that Rowland had given Wiggins to secure this debt; that Rowland was indebted to Smith by note for fifteen hundred dollars, and to secure this debt had given Smith a deed of trust on the same mill property; that Wiggins' deed of trust on the mill property was older than that of Smith, and that Wiggins, notwithstanding his debt was believed to have been fully discharged, had advertised the mill property for sale under his trust deed, and was about selling it. Smith prayed in his petition for the writ of injunction against Wiggins, his attorneys and agents, to restrain them from selling the mill property, and that Wiggins and Rowland might be compelled to account with each other, &c.

Smith obtained an order from the district judge granting the writ of injunction, gave the required bond, and by the writ of injunction restrained Wiggins from selling the property, as he had advertised to do.

Wiggins answered, but Rowland failed to do so. During the pendency of the injunction suit, B. K. Smith was adjudicated a bankrupt, in the District Court of the United States for the Western District of Texas, at Tyler, and T. R. Bonner was elected assignee of his estate in bankruptcy.

The bankruptcy of B. K. Smith was suggested to the court, and the case continued, to enable the assignee to make himself a party, if he saw proper to do so.

The assignee declined to become a party to the suit, and

the case was dismissed, by agreement of the counsel of B. K. Smith and J. M. Wiggins, without prejudice to either party, in 1875.

In this suit on the injunction bond, B. K. Smith, the principal in the bond, was not made a party, because of his bankruptcy and insolvency. The sureties, M. L. Fleishel and W. H. Hendrix, are alone sued. Wiggins, in his petition, claimed that by the wrongful and malicious suing out of the writ of injunction he was damaged in the sum of fifteen hundred dollars.

The defendants, in their answer, pleaded that plaintiff, under the circumstances under which the injunction suit was dismissed, had no cause of action against them as the sureties of B. K. Smith on his injunction bond; but that if he had, he was not entitled to recover as against them any but the actual damages he may have sustained by the wrongful suing out of the writ of injunction, and that he did not sustain any such damages.

On the trial plaintiff read in evidence the papers and proceedings in the injunction suit by Smith v. Wiggins & Rowland, including the petition, with a certified copy of a deed of trust made by Rowland to Wiggins, which had been duly acknowledged and recorded, the fiat of the judge, injunction bond and writ, answer of Wiggins, and order of court dismissing the injunction suit.

Plaintiff then offered the original of the deed of trust. It not having been filed, with notice, for three days before the trial, objections were made to it, and it was excluded.

Several other efforts were made to prove the execution of the trust deed, which are sufficiently stated in the assignments of error, given hereafter.

Smith, who was witness to the deed of trust and who resided in Gregg county, had not been in attendance on the court until the day after the case was called, and had come, at the request of defendants, in compliance with a dispatch. While the objections to the introduction of the original deed

of trust were being discussed, Smith left the court-room, at the time telling one of the defendants that he would leave. After the deed was excluded, Smith was called by plaintiff, but did not respond. Plaintiff then applied for a continuance, for the want of Smith's testimony. This was refused.

Plaintiff then tendered himself as witness to prove the execution of the trust deed to himself. This was objected to and objection sustained.

Depositions of Rowland, the grantor in the trust deed, taken for another purpose, and which spoke of a deed of trust made by him to the plaintiff, were offered by plaintiff; Wiggins having testified that only one deed of trust had been executed to him by Rowland. This was also excluded, on objection.

There was testimony on the condition of the mill, its value, and on the question of damages.

The jury returned a verdict for plaintiff for one dollar damages, on which judgment was rendered. Plaintiff's motion for new trial was overruled, and he appealed.

The assignments of error are—

1. Because the court erred in sustaining the defendants' objections to the introduction in evidence by plaintiff of the trust deed from John H. Rowland to John M. Wiggins, it being the deed in trust set out *in hæc verba* in plaintiff's bill of exceptions, marked No. 1; and because the execution of said trust deed had been proved by the solemn acknowledgment of John H. Rowland, the grantor in said trust deed, before the clerk of this court, which acknowledgment appears on said deed in trust, witnessed by the clerk's seal of this court, under the said clerk's seal of office; and because said trust deed had been admitted to record under said acknowledgment; and because it was the duty of said clerk to determine the execution of said deed in trust before he could admit it to record; and because said acknowledgment by the grantor in said deed in trust was primary or original evidence of its execution, and not secondary evidence of its

execution; and because said trust deed was set out *in hæc verba* in plaintiff's petition, and notice given in said petition that plaintiff would read the same in evidence upon the trial of said cause, as shown in plaintiff's bill of exceptions.

2. Because the court erred in sustaining objections of defendants to the introduction in evidence by plaintiff of the answers of John H. Rowland, the grantor in said trust deed from John H. Rowland to J. M. Wiggins, to the sixth and eighteenth direct and sixth cross interrogatories, the same being a part of a deposition of John H. Rowland sued out by defendants in this cause, and which answers plaintiff offered for the purpose of proving the execution of said trust deed, and because it had been shown by the evidence of John M. Wiggins that the said John H. Rowland had never executed but one trust deed, and that is the one set out in his petition.

3. Because the court erred in holding that plaintiff, who was the grantee in said deed from John H. Rowland, could not be permitted to prove by his own evidence the execution of said deed in trust, when it was shown by other evidence that B. K. Smith, the only subscribing witness to said deed in trust, was the identical B. K. Smith that was the principal of defendants in said injunction bond, and was in court, sitting by counsel of defendants, when said deed in trust was first offered in evidence, and who had immediately left the court and could not be found, after due search made by the officers of this court.

4. Because the court erred in overruling the motion of plaintiff to withdraw his announcement for trial after having sustained objections to the introduction in evidence of the trust deed from John H. Rowland to John M. Wiggins, and after having refused to entertain the depositions of John H. Rowland, the grantor, for the purpose of proving the execution of said deed in trust, and all other efforts of plaintiff to prove its execution.

5. The court erred in not granting plaintiff's motion for a new trial, for the further reason that the same was against

the evidence, in this: that the evidence clearly shows that the damage done plaintiff by the wrongful suing out of such writ of injunction was between four and seven hundred dollars.

*Reaves & Dodd*, for appellant.

*Jones & Henry*, for appellees.

MOORE, CHIEF JUSTICE.—The court did not err in refusing to admit in evidence the deed of trust from John H. Rowland to appellant, on the bare faith of the certificate of the clerk that the grantor appeared before him and acknowledged its execution and that the deed had been duly recorded. The clerk's certificate of the grantor's acknowledgment of the deed is sufficient, under the statute, to admit it to record; and, when duly recorded and filed among the papers of a case, with proper notice, &c., it is admissible in evidence, without the necessity of proving its execution, on the trial of the case in which it is sought to be used, unless suspicion is cast upon its genuineness by the oath of the opposing party. But the certificate of an acknowledgment was not intended to, and does not, of itself or in connection with the certificate of record, prove the due execution of the deed, or render it admissible in evidence, either by the common law or by the statute. It is not, indeed, a common-law certificate, but altogether statutory in its character, and can serve no other purpose than that authorized by the statute. And certainly the statute would not require that the deed should be filed with the papers for three days before the trial, and notice thereof given the opposite party, unless it was intended that the deed should not be admitted in evidence, although acknowledged and recorded, unless these additional requirements of the statute were also complied with.

We are cited by appellant, in support of his proposition, to the case of White *v.* Holliday, 20 Tex., 679. But this case, instead of sustaining him, repudiates and denies the doctrine

for which he contends. The court says: "To the first point here raised it is hardly necessary to refer, as there was clearly a failure to comply with the requisitions of the statute in the admission of a recorded deed as secondary evidence."

Unquestionably, the court, in the case of White *v.* Holliday, *supra,* holds contrary to what seems to be the current of common-law authorities, (1 Greenl. Ev., sec. 569,) that the execution of a deed by the grantor may be otherwise shown without calling or accounting for the absence of the subscribing witnesses. And we think our statutes concerning conveyances and regulating the registration of deeds strongly tend to favor this construction. We would, therefore, have no hesitancy in following this case if such was the question presented to us. But the deposition of Rowland, the grantor of the deed, was not taken to prove the execution of the deed. On the contrary, the existence and due execution of the deed are assumed, both in the interrogatories and in the answers. The existence of the deed is assumed as a mere predicate for drawing out the testimony which it was intended to elicit by the interrogatories. The deed was not before the witness, or definitely referred to or identified, either in the interrogatories or answers. The court did not, therefore, err in holding them inadmissible to prove its execution.

No authority whatever has been cited in support of the proposition, that the execution of a deed may be proved without accounting for the absence of the subscribing witnesses, by the grantee. Certainly the common-law rules of evidence do not sanction it, and we know of no rule or principle in our statutes or practice approving it, or from which it can be deduced or maintained. There is certainly a very wide distinction between the proof of the execution of the deed by the party who made and is bound by it, and the party to whom it is given, and who is claiming under it. Of course we are not to be understood as holding that there may not be cases in which the testimony of the grantee may not be admissible. What we say is, that by the common law, which

is binding with us until changed by statute, the evidence of the grantee is inadmissible to prove the execution of a deed without the production of, or the laying of, a predicate for it by accounting for the non-production of the primary evidence.

If appellant was in fact taken by surprise by the exclusion of the original trust deed for failure to prove its execution, and the withdrawal from the court-room of the subscribing witness after it was apparent to him that his testimony might be of essential importance to appellant, he should unquestionably have supported his application by his affidavit. It is neither the duty of the court nor of the opposite party to advise or assist one in the preparation of his case, or to relieve him from the consequence of his oversight and blunders. Indeed, the court should not do so, unless it is apparent that its refusal to interfere would result in the doing of injustice or in permitting an undue advantage to be gained by the one party over the other, or in sanctioning trickery or fraud. The decision of a question of this character must, in a large degree, be intrusted to the judge before whom the case is tried. Unless his ruling is clearly erroneous, it should not be disturbed. We cannot see that such is the fact in this case. There may be strong suspicion that the subscribing witness, who, no doubt, was in sympathy with appellees, may have been actuated by an improper motive in absenting himself from the court-room at the time he did; but his doing so is not shown to have been prompted or brought about by appellees. We cannot, therefore, say the court should have held them responsible for it, in order to excuse appellant for his own laches. One of the appellees was examined on the subject, and had it been made to appear, or had the court believed, that appellees or their counsel were in any respect in fault, the continuance would no doubt have been allowed, or a new trial granted.

It also is to be observed, in connection with this proposition, as well as those previously discussed, that a copy of the deed had been admitted in evidence without objection, which

seems to have been regarded by the court as well as the jury as rendering proof of its execution unnecessary. The court instructed the jury, " Unless said trust deed has been read to you in evidence, or its contents otherwise proven to your satisfaction, you need not further consider the case." The verdict of the jury in favor of appellant seems to show that the contents of the deed were satisfactorily proven to them; which was all that could have been accomplished if the deed had been admitted on the certificate of record or proof of execution by the grantor or subscribing witness.

It may be true that the verdict is not such as should have been given by the jury; but the motion for new trial does not warrant appellant in complaining of it. (Rules of Dist. Court, 6, 7.)

Other errors were assigned, but, as they are not presented in the brief, we need not consider them.

Judgment is affirmed.

AFFIRMED.

[Justice BONNER did not sit in this case.]