## P. W. ELDRIDGE vs. THE STATE.

### COURT OF APPEALS, AUSTIN TERM, 1882.

*Continuance—Surprise—Mistake—Fraud.*—The unauthorized withdrawal of a material witness, after the commencement of trial, has always been held ground of surprise sufficient to base an application for postponement or continuance.

Artifice, trickery and fraud of prosecuting officers, whereby a defendent has been induced to go to trial, to his injury, have been held good grounds for reversal and for new trial.

Although the facts relied on for reversal should be clearly stated, and

not left to inference, still, where the inculpatory evidence is of an unsatisfactory and meagre character, this court will reverse and remand the cause.

Appeal from Brown county.

Opinion by White, P. J.

It is shown by the second bill of exceptions that Dan Eldridge, who was an important witness for defendant, and who had left the court room after the application of defendant for continuance was overruled, being still absent when the case was about to proceed to trial, defendant asked a further postponement or continuance until the next term of court, in order to procure the attendance of said absent witness. This application for postponement was not reduced to writing because the county attorney agreed if defendant would waive his motion and go into trial, the evidence of the absent witness, Dan Eldridge, as taken before the examining court, might be read in evidence in behalf of defendant. Believing the evidence was with the papers of the case, appellant's counsel consented. Afterwards it was ascertained "that there was no such evidence and the court compelled defendant to go into trial without such evidence." We confess that the bill of exceptions is very unsatisfactory. We would perhaps be warranted in inferring from the language used, that after it was discovered that no such evidence existed, the defendant renewed his motion, and that the court overruled the same, and compelled him to go into trial without such evidence.

If such were the facts, then they should have been clearly stated and not left to inference. Again, from the language used the inference might be legitimate that the county attorney, knowing no such evidence existed, had practiced a fraud and deceit upon the defendant by leading him to believe otherwise. If such was the case, then the statement should have been unequivocal to that effect, and further, that the fraudulent representations thus made were relied on by defendant. It should also have been shown that the fraud perpetrated could not have been anticipated or averted by the use of reasonable diligence. The unauthorized withdrawal of a material witness after the commencement of trial, has always

been held ground of surprise sufficient to base an application for postponement or continuance on Cotton vs. State, 4 Texas, 260. In civil cases and the rule, we imagine, is the same in civil, is that "the continuance of a case after the trial has begun, on account of the withdrawal of a material witness is largely within the discretion of the court." Wiggins vs. Fleishel, 50 Texas, 57. Moore C. J., says in this last case is neither the duty of the court nor of the opposite party to advise or assist one in the preparation of his case, or to relieve him of the consequences of his oversight and blunders. Indeed the court should not do so unless it is apparent that its refusal to interfere would result in the doing of injustice, or in permitting an undue advantage to be gained by the party over the other, or in sanctioning trickery or fraud."

Artifice, trickery and fraud of prosecuting officers, whereby a defendant has been induced to go to trial, to his injury, have been held good grounds of reversal and for new trial. March vs. State, 44 Texas, 64 and authorities.

Our statute with regard to continuances after trial commenced, provides that "a continuance may be granted on the application of the State or defendant after trial has commenced when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial commenced, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had, or the trial may be postponed to a subsequent day of the term." C. C. P., Art. 326; Hodde vs. State, 8 Texas, Ct. App., 382.

Defendant's bill of exceptions should have been more full and explicit in stating all that would tend to make the matter complained of thoroughly understood. As above stated, our inferences that a gross wrong was perpetrated might be just and reasonable and yet not in accordance with the truth or facts of the matter. In this state of uncertainty we cannot say that the court erred in the ruling complained of.

We are, however, of opinion, that the inculpatory evidence is just of that unsatisfactory and meagre character that a new trial should have been granted, that defendant might have had an opportunity to meet and overcome it entirely if he could do so by the testimony of the witnesses for whom his continuance was sought, and the one for whom a postponement was desired.

Because the court erred in not granting a new trial, the judgment is reversed and cause remanded.