Opinion by
Willson, J.
§ 72. Continuance; application must show diligence. This suit was brought by appellee to recover of appellant damages for failure to deliver to her, in a safe condition, a trunk and its contents shipped by her, on appellant’s line, from Ennis to Tyler, Texas. The trunk and con *60 tents arrived at Tyler in a damaged condition. A pair of diamond ear-rings were in the trunk when shipped, but when the trunk arrived at Tyler but one of the ear-rings was found in it. One day before the trial of the case, appellee, at the instance of appellant, was served with a subpoena duces tecum commanding her to appear and produce in court at the trial the diamond ear-ring which had not been lost. Appellee appeared at the trial, and testified in the case in her own behalf. On cross-examination by appellant, she was asked if she had with her the diamond ear-ring which she had been notified by the subpoena to produce. She answered that she did not have it; that said ear-ring, with her other baggage, had some three days before the trial, and before she had been served with the subpoena, been sent to Texarkana. Thereupon appellant made application for a continuance of the case to enable it to obtain said ring', alleging the materiality of the same as evidence, etc. The application was overruled. Held, that there was no error in the ruling. The application did not show due diligence used to obtain the evidence wanted. Besides, the decision of a question of this character must in a large degree be intrusted to the judge before whom the case is tried, and, unless his ruling is clearly erroneous, it should not be disturbed. [Wiggins v. Fleishel, 50 Tex. 57.]
§ 73. Common carrier; liability of. A common carrier is liable for all losses of, or injuries to, goods received by him for carriage, not occasioned by the act of God or public enemies, and this liability cannot be limited by contract. [R. R. Co. v. Burke, 55 Tex. 323; W. & W. Con. Rep. §§ 118, 774.]
§ 7 4. Fraud in shipment of goods; effect of. It is a correct doctrine that where the shipper of goods practices a fraud on the carrier, either by his acts or omissions,' as to the value of the goods, fraudulently concealing their value from the earner, such fraud operates to discharge the carrier from liability. [R. R. Co. v. Burke, 55 Tex. 323.] A mere failux'e on the part of the shipper to *61 inform a carrier as to the value of goods shipped would not per se be such fraud as would discharge the carrier. “ If the shipper be guilty of any fraud or imposition in respect to the carrier, as by concealing the value or nature of the articles, or deludes him by his own carelessness in treating the parcel as a thing of no value, or misrepresents a box to contain household goods, when it contains medicines, he cannot hold the carrier liable.” [Cox v. Heisley, 19 Penn. St. 243.] “It is the duty of every person sending goods by a canier to make use of no fraud or artifice to deceive him, whereby his risk is increased, or his care and vigilance may be lessened. And if there is any such fraud or unfair concealment, it will exempt the carrier from responsibility under the contract, oi', more properly speaking, it will make the contract a nullity.” [Story on Bailm. § 565.] “In cases of common carriers, where there is no notice, the better opinion seems to be, that the party who sends the goods is not bound to disclose their value unless he is asked.” [Id. § 567. See, also, Angelí on Carriers (3d ed.), § 266.] The cases cited by appellant’s counsel, as authorities upon this question, viz.: Pardee v. Drew, 25 Wend. 458, and Orange County Bank v. Brown, 19 Wend. 86, are not applicable in this case. Those cases involved the question of the carrier’s liability for articles received for carriage as baggage which were not baggage. In this case the goods were not received as baggage, but as ordinary freight.
December 12, 1883.
Affirmed.