## TEXAS EXPRESS COMPANY vs. G. M. SCOTT.

### SUPREME COURT, TYLER TERM, 1883.

*Continuance—Diligence.* Where a witness had been served with a *subpoena duces tecum*, one day only before the trial, commanding her to produce on the trial a certain diamond earring in her possession, and she appeared as a witness in the case, and while on the stand was asked if she had brought the earring, and stated that she had not, because it had been sent out of the county before the subpoena was served on her, and therefore the defendant moved to continue the case to give time to get the ring, *Held*, that the motion was properly overruled, the diligence used to obtain the testimony being insufficient.

*Same.* The decision of a question like the one stated above, is in a large degree entrusted to the judge before whom the case was tried, and unless his ruling is clearly erroneous, it will not be disturbed.

*Common Carriers—Liability of.* A common carrier is liable for all losses of, or injuries to goods received by him for carriage, not occasioned by the act of God or public enemies, and this liability cannot be limited by contract.

*Fraud by shipper of goods—Legal effect of.* Where a shipper of goods practices a a fraud upon a carrier, either by his acts or omissions, as to the value of the goods, fraudulently by concealing their value from the carrier, such fraud will operate to discharge the carries from liability.

*Fraudulent Concealment.* The mere failure on the part of a shipper to inform carrier as to the value of goods shipped, would not *per se* be such fraudulent concealment as to value, as would discharge the carrier from liability.

Appeal from Smith County.

*Herndon & Cain* for appellant.

*Chilton, Robertson & Finlay* for appellee.

Opinion by Willson, J.

This suit was brought by appellee to recover of appellant damages for failure to deliver to her in safe condition, a trunk and its contents transported by appellant from Ennis, Texas, to Tyler, Texas.

It was in proof that appellant, a common carrier, received the trunk at Ennis for carriage to Tyler, to be delivered at Tyler to the appellee; that at the time the trunk was so received and shipped, it was in good condition, and that no representations as to the contents

of the same, or the value thereof, were made by the shipper of the trunk to the company's agent at Ennis, nor did the company's agent make any inquiries as to the contents or value of the same; nor was any receipt exacted and delivered at the time by the company's agent to the shipper of the trunk. It was shown by evidence that among other articles, the trunk contained two diamond earrings—one set of coral earrings, one case of perfumery, and one bisque ornament, all alleged to be of the aggragate value of $465, and that the trunk was worth $10 or $12. It further appears in evidence that appellee recovered the trunk at Tyler from appellant, in a damaged condition, and that one of the diamond earrings was gone; the coral earrings, the perfumery and the bisque ornament were broken, destroyed and rendered valueless. Appellee recovered judgment against appellant for the sum of $175 and interests and costs, from which judgment the appeal is prosecuted.

One day before the trial of the case appellee had been served, at the instance of appellant with a subpoena *duces tecum*, commanding her to appear and produce in court, at the trial, the diamond earring which was not lost, and which was safely transported to her in the trunk. Appellee appeared at the trial, and was a witness in the case in her own behalf, and upon cross examination by appellant was asked if she had with her the diamond earring which she had been notified by the subpoena to produce. She answered that she had not; that said earring with her other baggage had been sent to Texarkana, some three days before the trial, and before she was served with the subproena *duces tecum*. Thereupon, appellant made application to continue the case. Enable it to have been lost, &c. This application was overruled by the court upon the ground that appellant had not used proper diligence to obtain the earring or an examination of it by experts. We think the court did not err in overruling the application to continue. Appellant saw proper to announce ready for trial, and enter upon trial of the case, without inquiring of the witness, or making any effort to ascertain whether or not the earring was present and would be produced on the trial. Nor had he used reasonable diligence, we think, to have it produced. One day's notice under such circumstances, would not, in our opinion, constitute reasonable diligence. But "the decision of a question of this character must, in a large degree, be entrusted to the judge before whom the case is tried, and unless his ruling is clearly erro-

neous, it should not be disturbed. Wiggins vs. Fleischel, 50 Tex. 57. We will not disturb it in this case, it appearing to us to be correct.

II. A common carrier is liable for all losses of, or injuries to, goods, received by him for carriage, not occasioned by the act of God, or public enemies, and this liability cannot be limited by contract. R'y Co. vs. Burke, 55 Tex. 325, and authorities there cited. White vs. Wilson, Tex. Con. Rep. § 118, 774. In the case before us, the trunk was received by the agent of appellant for transportation, without any contract attempting to restrict in any way the liability of the company, and no question arises therefore upon any special contract made with reference to the trunk or its value.

III. We believe it to be a correct doctrine, that when a shipper of goods practices a fraud on the carrier, either by his acts or omissions, as to the value of the goods, by fraudulently concealing their value from the carrier such fraud would operate to discharge the carrier from liability. R'y Co. vs Burke, 55 Tex. 323. In this case, however, there is no evidence showing a fraudulent concealment of the value of the trunk and its contents, on the part of the shipper, or of any other person. It is shown by the evidence that by the rules of the company it was made the duty of its agents to inquire as to the value of the articles received by them for shipment, and to execute the receipt to the shipper specifying in the receipt the value of the goods. This duty was neglected by the company's agent in this case. He made no effort to ascertain the value of the trunk or its contents, and executed no receipt therefor until after it had been shipped. Appellee cannot be prejudiced in her rights by this neglect of the company's agent.

IV. Appellant complains that the court did not charge the law of the case, and refused a charge requested by appellant. We think the charge of the court is in no respect objectionable. Its propositions of law are well sustained by the authorities, and the entire charge is fair and applicable to the facts. As to the special charge requested by the appellant, and refused by the court, we do not think the proposition presented by it, is the law. A mere failure on the part of the shipper to inform a carrier as to the value of the goods shipped by such carrier, would not *per se* be such fraudulent concealment as would discharge the carrier from liability. It is asserted in the special charge refused that such mere failure would

have the effect to discharge the carrier from liability. In support of this special charge, appellant's counsel in their brief have referred to several authorities all of which we have not had opportunity to examine, some of these not being found in the library here. In one of the cases cited it is said : "If the owner be guilty of any fraud or imposition in respect to the carrier, as by concealing the value or nature of the articles, or deludes him by his own carelessness in treating the parcel as a thing of no value, or misrepresents a box to contain household goods, when it contains medicines, he cannot hold the carrier liable" etc. Cox vs. Heisley. 19 Pa. St. 243. While the rule thus announced we believe to be correct, it does not, in our opinion, sustain the broad propositions contained in the special charge under discussion.

Another case referred to, Pardee vs. Drew, 26 Wend. 458, is inapplicable to the case at bar because that involved the question only as to the liablity of carriers for articles received for carriage as baggage, which were not baggage properly. Section 565 of Story on Bailments, cited by appellants does not sustain the proposition of the special charge. It is as follows : "It is the duty of every person sending goods by a carrier, to make use of no fraud or artifice to deceive him, whereby his risk is increased, or his care and vigilence may be lessened. And if there is any such fraud or unfair concealment it will exempt the carrier from responsibility under the contract, or more properly speaking, it will make the contract a nullity." This same author in section 567 of the same work says : "In cases of common carriers where there is no notice,the better opinion seems to be, that the party who sends the goods is not bound to disclose their value, unless he is asked." In support of this text the author in a note, refers to numerous authorities. Another case cited by counsel for appellant, Orange County Bank vs. Brown, 19 Wend. 86, is inapplicable to this case, the question involved being the same as in Pardee vs. Drew, (supra.) Nor is the position of appellant sustained by the citation of Angel on Carriers, but on the contrary, we understand that author as laying down the rule as we have stated it. Angel on Carriers, 3 Ed. Sec. 266. We apprehend that no well considered case can be produced which holds that mere silence as to the value of the goods delivered to a carrier, is, of itself, sufficient to discharge the carrier from liability for the loss of such goods, although they were of unusual value.

As to the facts of the case, the testimony was not altogether free from conflict, but there was sufficient evidence in our opinion to warrant the verdict of the jury. The judgment is affirmed.