Opinion by
White, P. J.
§ 638. Fraud, etc., as to freight exempts carrier from liability; case stated. Appellee and his family were immigrants to this state from Tennessee. He had baggage checks for three trunks from McMinnville, Tennessee, to Bound Bock, Texas. He received two of his trunks *558 from appellant; but the other one was never delivered to him. It contained, as he alleged, bedquilts, coverlets, counterpanes, sheets and a hand-saw, all of the alleged aggregate value of $115, and the sum of $400 in' money. He alleged, as to the $400 in money, that he placed it in the trunk to secure it against pickpockets while on his journey; that it was not an unreasonable or unusual amount of money, under the circumstances, to be carried with baggage, etc. He brought this suit against appellant to recover the value of said trunk and its contents. He recovered judgment for the sum of $115, the value of the bed clothing contained in the trunk, but the court found against him as to the money claimed. Appellant pleaded to the jurisdiction of the court, on the ground that the money sued for, not being baggage, was included and sued for fraudulently, for the purpose of giving the county court jurisdiction, and also .presented the same question by demurrer to the petition. The demurrer and plea were overruled. When goods are shipped as, freight, the rule is that the shipper shall use no fraud or artifice to deceive the carrier, whereby his risk is increased or his care and vigilance may be lessened. And if there is any such fraud or concealment, it will exempt the carrier from responsibility under the contract, or, more properly speaking, it will make the contract a nullity. [Story on Bailments, § 565; ante, §§ 14, 319.]
§ 639. Baggage; money as; rules as to. But there is a distinction made in the rules obtaining with regard to money when carried as part of freight, and when carried as part of baggage. What may legitimately be considered as part of baggage depends “to a great extent upon the circumstances of each individual case; upon the length of the journey; the purpose for which it is made; the position in life and occupation of the traveler; the. mode of conveyance, and the character of country through which he intends to pass. . . . Anything may be carried as personal baggage which passengers usually carry for' their personal use, comfort, instruction or *559 amusement, having regard to the circumstances above enumerated.” [Thomp. on Carriers of Pass. p. 510; W. & W. Con. Rep. §§ 614, 615, 1255.] To subject common carriers to damages for the loss of personal baggage of a passenger, it must strictly be baggage, that is, such arti-’ cles of necessity and personal convenience as are usually carried by travelers. [Pardee v. Drew, 25 Wend. 458.] It seems, however, that a carrier is liable for money in a trunk not exceeding an amount ordinarily carried for traveling expenses. [Bank v. Brown, 9 Wend. 85; W. & W. Con. Rep. § 615.]
§ 640. Jurisdiction; fraudulent attempt to confer, as to amount; plea of, not sustained. The petition in this case stated a cause of action for the money, which amouut was within the jurisdiction of the court. That the plaintiff failed to recover this item of his claim is not evidence of an attempt to fraudulently confer jurisdiction upon the court. Notwithstanding his failure to recover the $400, he might have honestly believed that he was entitled to it. It does not appear from the pleadings or the evidence, that, in claiming the money item, the plaintiff was improperly seeking to confer jurisdiction; and the court did not err in refusing to sustain the demurrer to the petition, nor in finding against the defendant upon its plea to the jurisdiction.
§ 641. Baggage; household goods as. It is insisted that the household goods in the trunk were not “baggage,” within the usual and legal signification of the term; that they were intended for use at the end of the journey, and that there was no testimony tending to show that anything contained in the lost trunk was intended for the personal comfort and convenience of the plaintiff, or any of his family, on the trip. This was a question of fact to be determined by the court, passing upon the case as a jury, and we cannot say that the finding of the court, that the articles were baggage, is unsupported by the evidence. Many circumstances might have occurred on the trip which would have rendered the *560 articles necessary for the convenience and comfort of the plaintiff and his family, or travelers generally. [W. & W. Con. Rep. § 614; ante, § 33.]
February 28, 1885.
Affirmed.