# THIRD DISTRICT 1893.

JOSEPH DEMPSEY v. J. M. TAYLOR AND HENRY MUELLER.

No. 267.

1. **Surprise—Practice in District Court.**—An application by a party, pending the trial, to withdraw his announcement, and to postpone or continue the case, is addressed to the discretion of the court. The refusal will not be revised unless clearly erroneous.

2. **Same.**—Where a witness called by defendant was expected to prove the execution of a deed for the land in controversy, the witness not so testifying, the defendant, in asking a postponement, should have shown the connection of the deed with the defense, and have shown the importance of the testimony, and that it could not be supplied by other testimony. In absence of such showing, the refusal of the court to suspend the trial is no ground for reversal.

3. **Motion for New Trial.**—A motion for new trial by defendant, based upon surprise in the testimony of a witness, is not sufficient unless it shows facts upon which the applicant claims a meritorious defense. A general allegation of having such defense is not sufficient.

4. **Error in Transcript in Important Date.**—The date of the beginning of adverse possession appeared in the transcript to have been in *1888*. Suit

having been instituted in 1889, counsel for appellant, by affidavit attached to his brief, alleged that the date was in *1878*, asking correction. *Held*, that the transcript can not be amended or corrected in that way.

5. **Will—Intent of Testator.**—A will containing the clause, " I give and bequeath to my son, H. Kohler, the two town lots situated in Comal Town, number ——, together with all the buildings, all the cattle, and all other property," is construed to manifest a clear intent to devise all the estate of the testator, both real and personal.

Appeal from McCulloch.　Tried below before Hon. J. W. Timmins.

*Bell & Deane*, for appellant.—1. The will does not sufficiently describe the property in controversy to be devised by it, nor even state where it was located.　Murphy v. Welder, 58 Texas, 240; 6 Wait's Act. and Def., 382.

2. Defendant's counsel did not know and could not have known that he was being misled by the witness Weldon, and his failure, when placed upon the stand, to identify said deed was a suprise to defendant; and proof of its execution being a material part of defendant's case, the application to withdraw the case from the jury, and make a motion for a postponement or continuance, would have been good on a motion for a new trial, and should have been granted.　Delmas v. Margo, 25 Texas, 1; Laird v. Bass, 50 Texas, 412; Beauchamp v. Railway, 56 Texas, 239; Dotson v. Moss, 58 Texas, 152.

3. The motion presented good grounds for a new trial, and it should have been granted.　Montgomery v. Carlton, 56 Texas, 431; Contreras v. Haynes, 61 Texas, 103.

*J. M. Taylor* and *Walter Anderson*, for appellees.—1. In construing a will, it is a fundamental rule, that the intention of the testator must govern his devise, if that intention is capable of ascertainment; and such intention, when ascertained, must be executed.　The law will not suffer the intention of the testator to be defeated, because he has not clothed his ideas in technical language.　Paul v. Ball, 31 Texas, 10; Brooks v. Evetts, 33 Texas, 732; Philleo v. Holliday, 24 Texas, 38; Bell County v. Alexander, 22 Texas, 351.

2. A description of lands devised is sufficient and valid if from said description the land may be identified by the aid of extraneous evidence. Camley v. Stanfield, 10 Texas, 546; Kingston v. Pickins, 46 Texas, 99; Ragsdale v. Robinson, 48 Texas, 379; Wilson v. Smith, 50 Texas, 365; Steinbeck v. Stone, 53 Texas, 382; Bowles v. Beal, 60 Texas, 322; Brown v. Chambers, 63 Texas, 131; Witt v. Harlan, 66 Texas, 660.

3. The application to continue a cause after trial has begun, on account of surprise, is addressed to the discretion of the trial court, and his action thereon will not be revised, unless there has been a manifest abuse of that discretion.　When a litigant has full means of knowing

what he must prove to make out his case, and fails to use proper diligence to prepare for trial, and to procure the evidence necessary to make out his case, and goes into trial without having used this diligence in procuring this proof, if he has not been misled by the opposite party, he can not complain that he was surprised by the failure of his own witness to testify to particular facts, because his own negligence contributed to or caused the result. Wiggins v. Fleishel, 50 Texas, 57.

4. The statement of facts, as solemnly signed by the parties and approved by the trial judge, can not be contradicted by the affidavit of either party; and the recitals in the statement of facts in this appeal, that the appellant's possession began in 1888, can not be contradicted by the affidavit of appellant's attorneys. Albright v. Corley, 40 Texas, 105.

COLLARD, Associate Justice.—This is an action of trespass to try title, brought April 15, 1889, by appellees, J. M. Taylor and Henry Mueller, against appellant, Joseph Dempsey, to 386 acres of land in McCulloch County, patented to Heinrich F. Kohler.

Defendant answered by plea of not guilty and ten years statute of limitation.

Verdict and judgment were rendered for plaintiffs, and defendant has appealed.

Plaintiffs introduced in evidence patent to Heinrich F. Kohler to the land in controversy, and the will of Kohler, duly probated in Comal County, Texas, on the 27th day of July, 1868.

The will begins: "I, the subscriber, publicly declare before all, that I give and bequeath my estate, although in a sickly condition, but still of full conscience and free use of·my mental faculty, as follows:

"1. I give and bequeath to my son Heinrich Kohler the two town lots situated in Comal Town, number ——, together with all the buildings, all the cattle, and all other property.

"2. I give and bequeath to my son Heinrich Kohler the outstanding and the cash money on hand, and he may according to his pleasure and free will give same to my youngest son Friedrich, because he as yet received nothing from his father; provided, if any remains after the maintenance of the father.

"3. In consideration my son Heinrich obligates himself to alone provide for the maintenance of the father, first, with good comfortable clothing, clean good bed, wholesome food, doctor and medicine, and after my demise a decent funeral.

"This my last will, subscribed by two trustworthy witnesses. Sealed and deposited. Done at Comal Town, the 20th April, 1867, in county Comal.

"Name of testator          [Seal]   Heinrich Friedrich Kohler.
"Name of heir               [Seal]   Heinrich Kohler."

There are two subscribing witnesses.

Plaintiffs introduced deed from Heinrich Kohler to themselves.

Defendant proved by one Sam Avants, that he, Avants, "bought the claim of one Franklin to the property in controversy in the spring of 1888; that Franklin remained on the property by his permission for about one week, when he, Avants, sold out to W. R. Weldon, Weldon taking immediate possession, and Franklin moving out."

Defendant proved by W. R. Weldon, that "after purchasing from Avants he lived on the property with his family, using and cultivating it for about one year and a half, when he sold out by written conveyance to J. B. Hogg."

Here defendant closed his testimony. A bill of exceptions shows, that he "endeavored to prove by W. R. Weldon the execution of a deed (a part of defendant's title) made by him, the said Weldon, to J. B. Hogg, but when he placed the witness upon the stand he refused to testify to its authenticity; whereupon defendant requested leave of the court to withdraw his announcement of ready for trial, and make a motion for a postponement or a continuance, on the ground of surprise, which request was by the court overruled;" to which ruling defendant duly excepted. The court thereupon directed the jury to return a verdict for the plaintiffs, which was done, and judgment was rendered for plaintiffs for the land.

Defendant has appealed, and assigns as error the action of the court in refusing to allow him to withdraw his announcement and postpone or continue the case.

The application was addressed to the discretion of the court, and its exercise should not be condemned unless it was clearly erroneous. There was no offer to connect the deed with any defense, or to show its importance, or that it could not be established by other testimony. The facts of surprise were not stated to the court, nor was it supported by affidavit.

Under the circumstances, as stated in the bill of exceptions, it can not be held that the court abused his discretion in requiring the trial to proceed.

The court reviewed the entire matter upon the motion for a new trial, in which the grounds of surprise and other facts were set up; which motion was overruled by the court.

The refusal to grant a new trial is assigned as error. The question then is, Did the court err in refusing a new trial on the ground of surprise?

The motion for a new trial sets up, that Weldon was duly subpœnaed by defendant, and was present in court before announcement, "for the purpose of proving the execution of the deed from him to J. B. Hogg; that proof of the execution of the deed was a necessary part of defendant's

case. That sometime prior to the issuance of said subpœna, before the present term of this court, the said W. R. Weldon, with the deed in question before him, and after examining the same, stated to defendant and to defendant's attorney, G. L. Beatty, as will appear from his affidavit hereto attached, in his, defendant's, presence, that said deed was the one he executed to J. B. Hogg; that he recognized it as such, and could swear to it. Defendant further says, that he relied upon these representations, and did not know, and could not have known by any amount of diligence, that said W. R. Weldon would swear differently when placed upon the witness stand, and that he, defendant, was greatly surprised by the testimony of said witness. That all of this was through no fault of defendant, but was the result of being overreached and deceived by the fraudulent and false representations of said Weldon. Defendant further says, that he has a good and meritorious cause of action; that he and those whose estate he claims to the land in controversy have had and held open, peaceable, uninterrupted, adverse possession, using, occupying, and enjoying the same, for more than ten years consecutively next preceding the filing of plaintiffs' petition. He further says, that he can and will prove the execution of said deed by other means than by said Weldon, and that he verily believes that if granted a new trial the result of the suit will be different on another trial."

The motion was sworn to by defendant and was supported by the affidavit of the attorney, G. L. Beatty.

We can not say that the trial judge abused the discretion which the law gives him in refusing the new trial. Dotson v. Moss, 58 Texas, 156; Delmas v. Margo, 25 Texas, 1.

The motion shows clearly enough, that defendant was surprised at the testimony of Weldon, the grantor in the deed, by whom he expected to prove its execution (White v. Holliday, 20 Texas, 679; Wiggins v. Fleishel, 50 Texas, 64); but it does not show the materiality of the deed in establishing his defense. He shows that he has a good defense by ten years possession in himself and those whose estate he claims, but he does not show that the deed was essential to that defense, and how it was essential. His connection with that deed is not shown. He should have exhibited to the court his chain of title, so as to enable the court to determine whether or not he had a meritorious defense, and whether another trial would change the result.

"He must set forth under oath, not in general terms, but specifically, the facts upon which he claims such merits." Montgomery v. Carlton, 56 Texas, 431; Contreras v. Haynes, 61 Texas, 106; Holliday v. Holliday, 72 Texas, 585.

The motion does not show to us that if the judgment were set aside a different result would be reached upon another trial, or that even a prima facie case would be made by the aid of the deed in question.

Defendant may have had a good defense under the statute of limitations, and he may be able to prove it by other testimony than this deed— at least to 160 acres of the land. If the plea did not depend upon the deed, it would be unimportant, and the failure to sustain the plea could not be attributed to the want of the deed. The necessity of the deed to such defense is not shown.

The statement of facts, as found in the transcript, shows that Avants bought the claim of one Franklin to the property, in the spring of 1888. This, it seems, is the beginning of the possession relied on to support the plea of limitation of ten years. This proof makes it impossible to support the plea, this suit having been commenced April 15, 1889. In such case it would not be pretended that there was any merit in the motion for a new trial.

There is not sufficient other testimony upon the subject in the transcript to enable us to say that the date "1888" is a clerical mistake. Appellant's attorney appends to his brief his affidavit, showing that it is a clerical mistake, and that the date should be "1878." This affidavit can not be considered; the transcript can not be so corrected. We will say, however, that our decision would be the same if the date had been 1878 instead of 1888.

It is unnecessary to discuss at length the assignment of error, that plaintiffs could not recover, because the will of Kohler does not give the land in controversy to his son Heinrich.

Taking the entire instrument in all its parts, and construing it under established rules, there can be no doubt that the intention of the testator was by the will to bequeath and devise all his estate, real and personal, to his son Heinrich. This intention is clearly derived from the will.

There was no error in the judgment of the court below, and it is affirmed.

*Affirmed.*

Delivered September 13, 1893.