DUNNE et al. v. SAYERS, Co. Atty.
(No. 6847.)

(Court of Civil Appeals of Texas. Galveston. Dec. 23, 1914.)

SCHOOLS AND SCHOOL DISTRICTS ⬫ 97 — BONDS—ELECTION—CONTEST—PETITION.

Service of a petition in a suit to contest a school district election to authorize the issuance of schoolhouse bonds, with a notice of contest within the time required by statute, distinctly stating the grounds on which the contest was based, was a sufficient compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 3051, providing that a written notice of the contest of an election and a written statement of the grounds on which contestant relies shall be served on the contestee within 30 days after the return of the election, regardless of the fact that the petition was filed before the notice was served.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 224–232; Dec. Dig. ⬫ 97.]

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Suit by P. J. Dunne and others against Sam R. Sayers, County Attorney of Angelina County, to contest a school district election authorizing the issuance of bonds for the construction of a schoolhouse. A plea in abatement was sustained, and plaintiffs appeal. Reversed and remanded.

W. J. Townsend, Jr., of Lufkin, for appellants.

PLEASANTS, C. J. This suit was brought by appellant P. J. Dunne, and others, against the appellee to contest an election held in common school district No. 25 of Angelina county, to determine whether bonds of said district in the sum of $8,000 should be issued for the purpose of securing funds for the erection of a schoolhouse for said district. The election was held on March 7, 1914. Returns were duly made and were canvassed and the result declared by the commissioners' court of Angelina county on April 13, 1914. The vote at said election, as shown by the returns, was 32 in favor of the issuance of the bonds and 29 against their issuance. In accordance with the returns, the commissioners' court declared the result of the election to be in favor of the issuance of the bonds by a majority of three votes. On May 11, 1914, appellants filed their original petition in the court below seeking to have the result of said election, as declared by the commissioners' court, set aside. The grounds of contest as set out in the petition are, in substance: That four persons named in the petition who were not qualified voters were allowed to vote at said election and voted in favor of the issuance of the bonds. A written notice of the contest and a copy of this petition were served upon the defendant on the day the petition was filed, May 11, 1914, which date was within less than 30 days after the result of the

---

election was declared by the commissioners' court; but the notice of contest and copy of the petition were not served upon the defendant until after the petition was filed. On May 13, 1914, contestants, with leave of the court, filed an amended petition, in which the grounds of contest were enlarged by allegation charging that several named persons, in addition to those named in the original petition, who were not qualified voters, were permitted to vote at said election and voted in favor of the bond issue, and that several named persons who were qualified voters and would have voted against the bond issue were not permitted to vote.

On May 14, 1914, the defendant filed the following plea in abatement, or motion to abate and dismiss plaintiffs' suit:

"Now comes Sam R. Sayers, county attorney of Angelina county, Tex., named as contestee in the above styled and numbered cause, and, before filing answer herein, moves the court to abate and dismiss this suit for the reason that the contestants did not, as required by statute, serve the contestee with a notice that they intended to contest said election as required by statute, setting up the grounds in said notice of their contest; and therefore this court has no jurisdiction under the Constitution and laws of Texas to hear and determine this cause; said notice not having been given as required by law. And of this contestee prays judgment of the court."

On the same day, the defendant, subject to his plea in abatement, filed an answer containing a general demurrer and special exceptions to plaintiffs' petition, and general and special denials of the grounds of contest set up in the petition. The court below sustained the plea in abatement and dismissed plaintiffs' suit.

The trial court erred in this holding. Article 3051 of Vernon's Sayles' Statute, which provides that a written notice of the contest of an election and a written statement of the grounds upon which the contestant relies shall be served upon the contestee within 30 days after the return day of the election, does not prescribe the form of the written statement; the only requirement being that said statement must show the grounds upon which the contest is based. The copy of the petition, which with a written notice of the contest was served upon the defendant within the time required by the statute, distinctly states the grounds upon which the contest was based. This was a sufficient compliance with the statute.

In the case of Messer v. Cross, 26 Tex. Civ. App. 34, 63 S. W. 169, this court held that the service of citation and copy of plaintiffs' petition were a sufficient compliance with the statute above cited. The fact that the petition in this case was filed before the notice was served upon the defendant could not possibly affect the sufficiency of the notice. We have no doubt of the soundness of our holding in the case cited, and it is decisive of the question presented by this appeal.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.