COOK et al. v. EPPERSON, Co. Atty., et al. (No. 7626.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1926. Rehearing Denied Nov. 17, 1926.)

1. Counties ⬅178—Notice of bond election contest held not defective in stating that contest would be filed before judge.

Notice of contest of election for issuance of road bonds held not defective in stating that contest would be filed before judge rather than in district court, where it was attached to petition filed in district court, and answer was filed therein.

2. Counties ⬅178—Petition and notice of bond election contest held to require answer, though grounds were subject to demurrer or special exception (Rev. St. 1925, arts. 3042, 3069).

Petition and notice of contest of election for issuance of road bonds, stating reason for

contest ᴀᴅ delivered within time stipulated in Rev. St. 1925, arts. 3042 and 3069, *held* to require answer, though grounds were subject to general demurrer or special exception, or were inconsistent, since form of pleading is not jurisdictional, and attack should be made through exceptions rather than plea to jurisdiction.

**3. Counties ⬩178—Statement and notice of bond election contest, which were joined, should be considered together.**

Statement and notice of contest of election for issuance of road bonds, which were joined to each other, should be considered together.

Error from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit to contest an election by John A. Cook and others against J. C. Epperson, County Attorney, and others. From a judgment dismissing the cause, plaintiffs appeal. Reversed and remanded.

Bryce Ferguson, of Pharr, and A. S. Johnson and Gresham, Willis & Freeman, all of Dallas, for appellants.

J. R. Dougherty, of Beeville, D. W. Glasscock, of McAllen, A. W. Cameron, of Edinburg, and E. A. McDaniel, of McAllen, for appellees.

FLY, C. J. This suit was instituted by appellants against the county officers of Hidalgo county, to contest an election for the issuance of bonds to build roads in the sum of $3,500,000, on December 22, 1925. The petition was filed by John A. Cook, Clay Everhard, J. E. Eakin, and William Ferguson, on January 25, 1926, and attached thereto was an exhibit containing a full and complete notice of the suit and the grounds for the contest. It is admitted that the notice was served on appellees, and on February 4, 1926, appellees filed a paper styled "pleas to the jurisdiction, in abatement, of misjoinder, and original answer and reply and cross-action of contestees." The substance of the allegations in the petition, as stated by appellees, is as follows:

"In election precinct 14 at Weslaco, that 147 qualified voters, named in Exhibit A attached, voted against the bonds and tax; but the managers in said box counted and returned only 46 votes against, and 428 votes in favor of, the bonds and tax. That not less than 101 votes against were fraudulently removed from the ballot box, and spurious ballots marked in favor were substituted therefor, etc. That the true result in said box was not more than 327 votes in favor, and not less than 147 votes against, etc.

"That large numbers of illegal votes were permitted and allowed to be cast by illegal voters at said election in the several precincts in Hidalgo county, the names of which illegal voters at the several precincts are as set out and listed in the list attached hereto and marked Exhibit B. That the majority, if not all,

of such voters voted, and their ballots were counted in favor of the bonds.

"That said voters and each of them were not qualified voters at said election, and the ballots so cast by them were illegal for the following reasons, to wit:

"(1) That each of said voters was, at the time of said election, an alien, and not a citizen of the United States.

"(2) That each of said voters was, at the time of said election, under 21 years of age.

"(3) That each of said voters, at the time of said election, had not resided in the state of Texas for a period of 12 months next preceding the date of said election.

"(4) That each of said voters had not resided within the county of Hidalgo for the period of six months next preceding the date of said election.

"(5) That each of said voters, at the time of said election, resided outside the precinct in which he cast his ballot at said election.

"(6) That each of said voters, on January 1, 1924, became indebted to the state of Texas for a poll tax for the year A. D. 1924, which said poll tax was not paid prior to the 1st day of February, A. D. 1925.

"(7) That each of said voters owned and possessed no taxable property situated in Hidalgo county on the 1st day of January, A. D. 1926, and was not a property tax payer within and of Hidalgo county, Tex., at the time of said election.

"(8) That each of said voters, at the time he cast his ballot at said election, received, instruction from one or more of the election officers or managers with reference to the marking of his ballot, which instruction was imparted and received in a language other than the English language.

"(9) That each of said voters was illegally and wrongfully given assistance in marking his ballot so cast at said election, he being then and there physically able to mark his ballot, and being then and there under the age of 60 years.

"(10) That each of said voters illegally, unlawfully, and wrongfully permitted himself to be conveyed in a vehicle to the voting place at which he cast his ballot at said election, which conveyance in a vehicle was then and there furnished by persons other than said voter and by persons who favored the proposition submitted at said election.

"(11) That each of said voters, while marking and preparing his ballot at said election, then and there wrongfully and illegally failed to preserve the secrecy of his ballot, and then and there failed to prepare and mark his ballot in secrecy, and then and there marked and prepared his ballot in the presence and view of one or more of the election managers and voters then and there present at said voting place."

An exhibit showed more than 800 names of voters alleged to have been illegal. The notice of contest was attacked on the grounds that it was based on an election contest based—

"upon false statements known by contestants, one or all of them and or by contestants' attorneys, whose names are signed thereto, to be false at the time that they were made, at the

time they were promulgated, and at the time that they were filed, and that the same were made with no expectancy of proving the same, but for the purpose of attempting to confer jurisdiction upon this (the district) court, in a dragnet proceeding, and that same are in violation of the rules of this court promulgated for its conduct, and in contempt of this court, and should be dismissed and that this court should refuse to take jurisdiction of this cause by reason thereof."

The court sustained the plea to the jurisdiction, and dismissed the cause.

[1] The first ground of attack, set out in appellees' answer, is that the notice is defective, in that it notifies them that the contest would be filed before the judge, and not that it would be filed in the district court. The notice was attached to a petition filed in the district court, and appellees had no difficulty in discovering the court and filing an answer therein. It is apparent that the ground of attack on the notice was without merit, and it was abandoned in the reasons given in the prayer for holding that the court had no jurisdiction.

[2] The statute in regard to the contest of elections provides that in 30 days after the return day of election a contestant must give a notice in writing, and deliver to the party or parties interested a written statement of the ground on which such contestant relies to sustain such contest. Articles 3042 and 3069, Rev. Civ. Stats. 1925. The law as to notice was complied with in this case, and was sufficient to require appellees to answer. The law does not require a contestant to file a petition or statement of the grounds of contest not subject to general demurrer or special exception, but merely that notice shall be given that the contestant intends to contest and the reasons for such contest. The grounds may not be reasonable or tenable, and still the notice would be given and the contestee would be compelled to answer as in any other case. Should the grounds of contest be inconsistent and contradictory one of the other, that would not destroy the jurisdiction of the court, but would subject the statement to attack through exceptions. The form of the pleadings or lack of form would not be a jurisdictional matter. The district court in this instance had jurisdiction of the subject-matter, and that jurisdiction could not be destroyed by imperfect, or even impertinent, allegations. The statute declares that the district court has jurisdiction of election contests, and the pleadings of appellants, no matter what their form might be, could not destroy the jurisdiction. If the contest was fraudulently instituted, that matter could and should have been raised by pleadings and proof. There was nothing in the allegations of the statement that could or would destroy the jurisdiction of the district court.

[3] The statement and notice were joined to each other, and should be taken together, and in the statement the pleadings were addressed to the judge of the Ninety-Third district court, and it was alleged that the cause of action was "in the Ninety-Third judicial district court." The notice complied strictly with the statute, and the jurisdiction of the district court attached. If appellees desired to atack the pleadings for being deficient or in contempt of court, the attack should have been made through exceptions, and, if sustained, appellants given an opportunity to amend.

The judgment is reversed, and the cause remanded.