## HASKELL FITZGERALD ET AL v. H. E. LANE ET AL.

No. 7572. Decided October 29, 1941.
(155 S. W., 2d Series, 602.)

*Shelburne H. Glover,* of Jeffereson, for plaintiff in error.

The Court of Civil Appeals erred in holding, as a matter of law, that the failure of the transcript to contain an order over-ruling the motion for a new trial, raised the presumption that said motion for new trial was abandoned by plaintiffs in error and in refusing to go into the record of the case on its merits. Rogers v. Dickson, 176 S. W. 865; Bullock v. Ballew, 9 Texas 498; Motor Inv. Co. v. Killman, 43 S. W. (2d) 633.

*W. B. Chauncey,* of Wichita Falls, for defendants in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On June 17, 1918, Georgia Richards filed application in the Probate Court of Marion County, Texas, to be appointed guardian of the persons and estates of Haskell Fitzgerald and Perry Fitzgerald, minors. Without considering any possible irregularities in any of the proceedings, we will briefly state that the record apparently shows that Georgia Richards was appointed guardian and that she qualified as such. Afterward application was made by the guardian for order of sale of certain lands owned by the minors, order of sale was entered, sale made, report of sale filed, order of confirmation was entered, and deed by the guardian was executed to the purchaser. This sale was consummated in the year 1918. It appears that in the year 1924 the matter was reopened and another sale was made under orders of the court purporting to confirm the previous sale.

In the year 1937, after each of the wards had become of legal age, they filed a bill of review in the Probate Court of Marion County, seeking to set aside and hold for naught all of the orders and judgments of the probate court which had resulted in the sale of their lands. It is unnecessary here to recite the various grounds upon which it was claimed that the orders were void. On September 11, 1937, judgment was entered in the probate court in favor of Haskell and Perry Fitzgerald, cancelling and setting aside all of the orders, judgments and decrees which had been entered in the guardianship proceeding. Thereupon, the defendants in that proceeding perfected an appeal to the District Court of Marion County.

On June 15, 1937, Haskell and Perry Fitzgerald as plaintiffs filed suit in trespass to try title in the District Court of Marion County. In this suit plaintiffs sought to recover title and possession of their interests in the lands previously sold by the guardian. They also attacked by elaborate allegations the orders of the probate court. On September 15, 1937, plaintiffs in the trespass to try title suit, and who were also plaintiffs in the bill of review proceeding, which had been brought up from the probate court, filed motion in the district court to have these causes consolidated. The causes were consolidated and went to trial October 11, 1937. The parties will be designated as in the trial court.

The case was tried before a jury. In answer to special issues a verdict was returned in favor of defendants and judgment was entered in their behalf. The plaintiffs in the judgment

gave notice of appeal. In due time they filed motion for new trial, towit, on October 14, 1937. There is nothing in the transcript to show that the motion for new trial was acted upon and overruled by the trial court. It was shown, however, by certified copies of entries on the trial court's docket that the motion was actually presented and overruled. The Court of Civil Appeals, in an opinion which reviews numerous decisions, concluded that the motion for new trial should be regarded as "abandoned," or "waived," and furnished no basis for consideration of assignments of error in that court. Finding no fundamental error, the Court of Civil Appeals affirmed the judgment of the trial court. 126 S. W. (2d) 64.

There are numerous authorities to support the conclusion of the Court of Civil Appeals that when the transcript does not affirmatively show that the motion for new trial was called to the attention of the court and acted upon during the time prescribed by statute, it will be presumed to have been abandoned. On the other hand, there are a number of cases which treat such a motion as overruled by operation of law. It would serve no useful purpose to attempt to reconcile the authorities so as to support by precedent either of these positions.

It is now definitely settled that under what is known as the Special Practice Act, (Art. 2092 R. S. 1925) a motion for new trial not shown to have been presented to or acted upon by the trial court within the prescribed time is overruled by operation of law. Independent Life Ins. Co. v. Work, 124 Texas 281, 77 S. W. (2d) 1036; Dallas Storage & Warehouse Co. v. Taylor, 124 Texas, 315, 77 S. W. (2d) 1031; Millers Mutual Fire Ins. Co. v. Wilkinson, 124 Texas 312, 77 S. W. (2d) 1035; Houston Life Ins. Co. v. Dabbs, 125 Texas 100, 81 S. W. (2d) 42; Highland Farms Cor. v. Fidelity Trust Co., 125 Texas 474, 82 S. W. (2d) 627.

There is nothing more compelling in the Special Practice Act requiring the holding above announced than in the general statute governing motions for new trial in cases like the present. Neither the rules nor the statutes affirmatively require the motion to be "presented" to the court. Besides, Article 2232 R. S. 1925, in enumerating the essentials concerning such a motion, specifies that the same shall "be determined at the term of the court at which it is made." Logically, there is no reason why the same rule should not apply in all courts.

The Court is of the opinion that there should be uniformity, and that justice will probably be more fully conserved by applying the rule declared by the Court under the Special Practice Act, as shown by the cases above cited.

The record shows a number of assignments predicated upon the motion for new trial which were not considered by the Court of Civil Appeals. The judgment of that court is therefore reversed and the cause is remanded to it, that the cause may be considered in light of the record presented.

Opinion adopted by the Supreme Court October 29, 1941.