## GLASSCOCK v. BRYANT et al.

### No. 4404.

Court of Civil Appeals of Texas.  El Paso.
Oct. 26, 1944.

Rehearing Denied Nov. 16, 1944.

Lyndsay D. Hawkins, of Breckenridge, for appellant.

Gillis A. Johnson, Warren Scarborough, and Cantey, Hanger, McMahon, McKnight & Johnson, all of Fort Worth, for appellees.

PRICE, Chief Justice.

This is an appeal by A. J. Glasscock from an adverse judgment of the District Court of Pecos County. Glasscock, as plaintiff, on the 15th day of August, 1940, filed suit against the State of Texas, M. D. Bryant and sixty-six others, to vindicate an alleged preference right to purchase from the State a mineral lease on a tract of land of 31.82 acres in Pecos County, described by metes and bounds in his petition. Included in the description of this 31.82 acres was a tract of 11.44 acres upon which defendant Bryant held a purported oil and gas lease from the State of Texas. This latter tract is the identical tract which the State had theretofore recovered as part of the Public School land, subject to a preference right of defendant Bryant to acquire an oil and gas lease thereon, a right which Bryant subsequently exercised, and such lease was duly issued to him. See Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569. On motion of Bryant and those defendants claiming under him the case was as to the 11.44 acres severed from the cause involving the 31.82-acre tract. In this severed cause the judgment appealed from was rendered.

Nine points of error are relied upon for reversal. The order of severance is complained of, the failure of the court to grant plaintiff a continuance, the sufficiency of the order or severance, that the judgment is not final, and error in the refusal of the court to set aside the judgment rendered on the motion of plaintiff.

It will clarify the issues, we think, to set forth in chronological order all the proceedings in the case from the filing thereof to its culmination in the trial court, as appears from the transcript.

Plaintiff filed suit August 15, 1940, in the District Court of Pecos County. Its number on the docket was 2631. Sought was the establishment of a preference right to purchase an oil and gas lease on 31.82 acres in Pecos County, described by metes and bounds. The defendants were the State, M. D. Bryant and sixty-six others. The petition claimed a preference right to purchase an oil and gas lease under the provisions of Chapter 271, General Laws Regular Session, 42nd Legislature, 1931, Vernon's Ann.Civ.St. Art. 5421c; further, that he had initiated his right by filing of application on November 19, 1936, taking all of the steps necessary to acquire such right. Suit was sought to be maintained against the State under the provisions of the General Laws, 46th Legislature, H.B. No. 9, p. 465, Sec. 2, Vernon's Ann.Civ.St. Art. 5421c § 8. It is further averred that the Land Commissioner refused to fix a minimum price for a lease or to execute him a lease. On November 8, 1943, plaintiff filed his first amended original petition. This amendment did not change the cause of action asserted. It was averred in the amended petition that all of the defendants had theretofore been served with citation. On March 6, 1944, defendants Bryant, W. A. Hanger, McMahon, Cantey, R. K. Hanger, Smith, McKnight, Johnson, Gooch, Scarborough, Tyler and wife, Reed, and Brown, filed their first amended plea in abatement and answer. This pleading purports to have been filed on behalf of the named defendants and all of the defendants claiming under Bryant as to said 11.44 acres of land covered by the mineral lease thereto from the State to Bryant. On March 6, 1944, said above specifically named defendants filed a motion to sever the trial of the issues as to the 11.44 acres. This motion, among other things, sets up that the controversy is between the plaintiff and said defendants as to the 11.44-acre tract; that the controversy as to the balance of the tract, to-wit, 20.38 acres, involved, between the other defendants and plaintiff, questions of boundary in no way related to the controversy between the moving defendants and plaintiff and the controversy between plaintiff and the other defendants. This motion purported to be

by the defendants therein named, and further for all others claiming rights under the Bryant lease. On March 6, 1944, plaintiff filed a motion to strike the motion to sever. The transcript shows no action on the part of the court thereon. On March 6, 1944, the court granted the motion to sever. Plaintiff reserved no exception in the order of severance. The statement of facts shows that at the time the ruling was announced plaintiff excepted. Said order recites that the facts stated in the motion are found to be true. It was ordered that the severed cause be docketed as a separate cause, No. 2747, under the style of J. A. Glasscock v. M. D. Bryant et al.; plaintiff's original and amended petitions to be filed therein; likewise the motion for severance and the original and amended answer of defendants M. D. Bryant et al., and such other pleadings as the parties may request to file therein. On March 6, 1944, plaintiff filed a motion for continuance in the severed cause. This motion, among other things, sets up that until twelve o'clock of that day the cause had not been severed from cause No. 2631; that in the trial of that cause (2631) he intended to use the testimony of surveyor Dellis, but was unable to obtain such testimony; that the testimony of Dellis was not material in the severed cause, but that plaintiff was led to believe he would not be forced to trial on the merits of the cause, that is, 2747. Further, he could not safely go to trial without the testimony of Robert E. Estes; that Estes would testify that he had prepared the field notes in Austin, Texas, upon which Bryant's application to obtain a lease was made, and did not make same upon the date set forth in the field notes. On the same day defendants filed a written contest of the motion. In this reply it was admitted that Robert E. Estes prepared the field notes in Austin, Texas, upon which defendant Bryant's lease was based, and did not make same upon the ground upon the date set forth in the field notes; that on February 22, 1944, plaintiff had been furnished a copy of defendants' answer and the motion to sever; that no objection was made by plaintiff to try the case on its merits until about three P.M. on March 6, 1944; that the court had announced in the morning that it would hear the testimony on the motion to sever and would consider same on the merits on the trial, plaintiff making no objection thereto. No objection was made until after defendants had offered in evidence twenty-two exhibits and while defendant M. D. Bryant was on the stand testifying. On March 6, 1944, the court overruled plaintiff's application for a continuance. An exception was reserved in the order by plaintiff. On March 7, 1944, the court entered judgment overruling defendants' plea in abatement and all special exceptions, but rendering judgment that plaintiff take nothing as to any of the relief sought as to the 11.44 acres in controversy. In the judgment appears an exception by plaintiff and notice of appeal.

On March 24, 1944, plaintiff filed a motion, the prayer thereof as follows:

"(a) That this motion be filed and set down for hearing, after due notice.

"(b) That upon such hearing said judgment of, to-wit: March 7, 1944, be set aside and thereafter, at the convenience of the Court, Plaintiff be permitted to introduce his evidence, and Defendants be permitted to introduce additional evidence, on the merits of this cause.

"(c) That, because of the nearness of the end of the current term of this Court, said term be extended, by proper order, until this motion may be so heard and disposed of.

"(d) That Plaintiff have full relief in the premises."

This motion sets up, among other things, that the severed cause had not been set; that plaintiff's attorney was led to believe that only the motion to sever was to be taken up on March 6, 1944 and the questions of law tendered by the pleadings; that he never announced ready on the merits; that plaintiff's attorney knew that the evidence heard was to be considered on the merits, but contended that it was to be only a partial trial on the merits, that later plaintiff might introduce such evidence as he desired. This motion was presented to the court on the last day of the term, to-wit, March 24, 1944. On that date the court entered an order extending the term of court as to Cause No. 2747 to and including April 29, 1944, and set the hearing on the motion for April 24, 1944. On the 30th day of March, 1944, while the motion was pending and undisposed of, plaintiff filed his appeal bond herein, and same was duly approved on that date. This appeal bond is made payable to M. D. Bryant, John H. Tyler, Eulia B. Tyler, M. H. Reed, W. A. Keeling, Mark McMahon, Samuel B. Cantey, Jr., R. H. Hanger, W.

A. Hanger, W. D. Smith, Alfred Mc-Knight, Gillis Johnson, Warren Scarborough, J. A. Gooch and F. T. Denny. On the 24th day of April, 1944, the court entered an order overruling plaintiff's motion to set aside the judgment. In the order the court makes rather elaborate findings of fact. There was an exception to these findings contained in the order, an exception to the order itself, and notice of appeal.

Beyond a shadow of a doubt, the issues as to the 11.44 acres should have been severed for trial between plaintiff and defendants interested in such tract. In relation to this tract there was but one issue. This was as to whether plaintiff or Bryant had the better right under the State of Texas. This was the sole issue. No question of location or boundary was involved. That this is correct, we think is not an unfair deduction from the briefs of the parties herein and by the admissions of the plaintiff. The issues as to the balance involved complicated questions as to boundary.

In our opinion the order was effectual to consummate that severance, a severance as to all parties as to the trial of all issues relating to said 11.44-acre tract. We think this is likewise true as to the judgment. It bars plaintiff from asserting, as to the 11.44-acre tract, any right or title against the specifically named defendants and as to any other defendants to Cause 2631 claiming under the Bryant lease. The judgment further denies plaintiff all relief sought in his pleadings as to the 11.44-acre tract. This, we take it, would render the judgment absolutely final. In construing a judgment the entire record may be considered. The petition of plaintiff sought relief against all defendants in 2631 as to the 11.44 area. This was the petition upon which 2747 was tried. The order of severance limited the application to the 11.44 acres in controversy here. The parties so considered it so limited.

There is no injury shown to have been caused plaintiff by the granting of the motion to sever. Hence reversible error is not shown. Ballard v. Perry's Adm'r, 28 Tex. 347; 41 Tex.Jur. p. 714, par. 11. We do not mean to be understood as holding that there was error in sustaining the motion to sever. In our opinion that order was entirely proper, though much confusion might have been avoided had the language used been more specific.

There is one matter not raised by the brief of either party herein which we shall discuss. It is discussed because it may involve the scope of the issues over which this court has jurisdiction.

As has been noted, plaintiff filed his appeal bond on the 30th day of March, 1944. The motion filed on the 24th day of March, 1944, was pending and was not ruled upon until April 24, 1944. It is elementary that a trial court has plenary power over its judgments during the continuance of the term in which they are rendered. The perfection of appeal does not deprive it of this power. During the term it may set aside such judgment and render another in lieu thereof or modify same. This, regardless of whether an appeal has been perfected or not. Even though there be a motion for a new trial pending, the judgment may be final in the sense that an appeal will lie therefrom. Golden Rod Oil Co. No. 1 v. Golden West Oil Co. No. 1, Tex.Com.App., 293 S.W. 167.

In the cited case it was held that the perfection of writ of error was a waiver of the motion for a new trial. Here plaintiff insisted upon and obtained a hearing upon his motion to set aside the judgment and retry the case after his appeal bond was filed.

Rule 363, Texas Rules of Civil Procedure, in part provides:

"The appeal is perfected when notice of appeal is given and the bond or affidavit in lieu thereof has been filed."

Here we shall, in our consideration of this appeal, consider matters occurring in the trial court even after the appeal bond was filed. Fitzgerald v. Lane, 137 Tex. 514, 155 S.W.2d 602. In short, the transcript and statement of facts on the motion overruled on April 24, 1944 will be considered.

This case reflects, perhaps, an excusable, if not justifiable, misunderstanding on the part of the counsel representing plaintiff as to the scope of the proceedings in this cause on March 6, 1944. However, counsel for defendants had announced in open court, before the hearing on the motion to sever, that it was desired that the evidence heard be considered on the merits. The court assented thereto. Counsel for plaintiff made no dissent. Before the hearing on the merits concluded counsel for plaintiff knew that the court purposed

to try the case on the merits. A motion for continuance was presented. In view of the allegations and admission of defendants, this motion presented no ground for continuance. After the motion was overruled plaintiff offered such evidence as he desired. He did not indicate there was other evidence he desired to offer and seek a postponement to that end. Defendants re-offered the evidence theretofore offered on the motion to sever. Plaintiff's motion for a continuance and his motion of March 24, 1944, overruled April 24, 1944, failed to show that there was any other evidence available to plaintiff that he desired to introduce. On the hearing on April 24, 1944, the court offered plaintiff an opportunity to introduce other evidence—on the motion, it is true. But as has been stated, if the term was validly extended, the judgment complained of was under complete control of the trial court. It could set same aside, enter another judgment or modify same. There is no showing in the brief that if the case were reversed and remanded that a different result would be probable or possible. In fact the entire record here demonstrates a proper judgment was entered in the cause.

Plaintiff's position in the trial court was, and is here, that he is entitled to a new trial for errors in procedure. There was a trial in the District Court. It may have been attended with irregularities. Plaintiff was heard, allowed to introduce evidence on the merits, as were defendants; all parties had joined issue on the pleadings. Conceded, for the purpose of the discussion (what the record does not show), that this case was tried out of its order. Then let us examine the showing made as to the merits.

As has been said, the issue between plaintiff and the defendants was as to who had the better right under the State. Plaintiff's asserted claim arises on an application filed on November 19, 1936, with the County Surveyor of Pecos County for a survey, with the view of obtaining a mineral lease under the Act of 1931. This was upon an application including the 11.44 acres in controversy. On February 25, 1937, field notes prepared by A. N. Lea, County Surveyor, were filed in the General Land Office covering exactly the 11.44 acres here involved. On September 15, 1937, corrected field notes were filed which included the 11.44 acres, the Bryant tract,

but also the 20.38 acres involved in Cause 2631. On August 15, 1940, this suit was filed by plaintiff seeking to compel the Land Commissioner to fix the price for a lease with the privilege of plaintiff's purchase thereof.

Bryant's claim is as follows: On January 15, 1935, he filed an application with the County Surveyor of Pecos County for a survey to the end that he obtain a mineral lease upon an area including the 11.44 acres in question here. This application, as was the subsequent application of plaintiff, was filed under the Act of 1931, Ch. 271, Sec. 8, Art. 5421c, § 8, Vernon's Ann.Civ.St. This application, together with the original field notes prepared by A. N. Lea, was filed in the Land Office on April 24, 1935, with the written request that a value be placed thereon. On May 16, 1936, Bryant filed in the Land Office corrected field notes prepared by a licensed surveyor describing the 11.44 acres here involved. These corrected field notes were duly recorded in the County Surveyor's Records of Pecos County prior to their filing in the Land Office. On May 16, 1936, the Commissioner of the General Land Office granted the application of Bryant and fixed a price, which Bryant immediately paid. On May 16, 1936, the Commissioner executed and delivered to Bryant a lease in accordance with the applicable law. Bryant immediately entered into possession of the area and drilled a well, from which well the State has at all times been paid her one-eighth royalty in accordance with the terms of the lease.

Subsequent to the application of Bryant and prior to any application by plaintiff, the State of Texas instituted suit in the District Court of Travis County against the Stanolind Oil & Gas Company and other defendants, included among whom was Bryant, to recover a tract of land including the 11.44 acres here involved. Bryant, by cross action, pleaded his application and asserted his preference right to acquire a lease. The District Court entered judgment in the cause on May 15, 1936. The judgment, insofar as Bryant was concerned, decreed:

"It is ordered, adjudged and decreed by the Court that the defendant, M. D. Bryant has the superior right to obtain an oil, gas and mineral lease upon the terms and conditions set forth in Section 8, Chap. 271, Acts Regular Session 42nd Legisla-

ture, upon the payment by him of the minimum price to be fixed therefor by the Commissioner of the General Land Office upon such most westerly strip described as follows:" (Here follows the description of the 11.44-acre tract.)

The State recovered the 11.44 acres subject to the right of Bryant to obtain a lease. A certified copy of this judgment was filed in the General Land Office May 16, 1936. Subsequent to the entry of this judgment the Land Commissioner executed the lease to Bryant.

The judgment of the District Court was appealed, but was subsequently modified and affirmed by the Supreme Court. See Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569. The modification in no way affected the judgment as between the State and Bryant. It established that Bryant had, as against the State, a prior right to obtain a lease; further, that the State had title to the area. Bryant met the requirements of the law and did obtain a lease executed by the proper officers of the State.

It was authoritatively established by the judgment of the court before plaintiff had any shadow of a claim, that as against the State Bryant had a right to obtain a lease on this 11.44 acres, and the proper officers of the State had also executed and delivered same. This precluded the leasing of the land to plaintiff on his subsequent application. Plaintiff failed to show any right in the 11.44 acres involved. In fact, the record shows that Bryant and those claiming under him have a valid and subsisting lease on the same. Bryant had such lease at the time plaintiff filed his application to lease, had it at the time this suit was filed, and has it now.

■ At the time plaintiff filed his application this was not vacant unappropriated school land. The State had vindicated her title thereto by suit. She was claiming same as part of the lands appertaining to the public school fund. The records of the General Land Office showed this land as such, save that same had been appropriated by the Bryant lease. Plaintiff was not a discoverer of this area within the meaning of Art. 5421c, Vernon's Ann. Civ.St. nor of the General Laws of 1939, p. 465. Short v. W. T. Carter & Bro., 133 Tex. 202, 126 S.W.2d 953; Spring v. Meco

Production Co., Tex.Civ.App., 134 S.W.2d 828, writ refused correct judgment.

■ One of plaintiff's points is that the court should have granted his motion of March 24, 1944, and set aside the judgment of March 7, 1944, and permitted the introduction of evidence. There is no showing in the motion that other evidence was available to plaintiff; no showing elsewhere in the record that such evidence was available. The matter of granting a new trial is a matter of discretion on the part of the trial judge. This is a judicial discretion, of course. Under Rule 320 a showing of good cause is required. "Good cause," as used in the rule, is not used in the same sense that same applies to a bill of review. It does mean that the error complained of affected the result or might reasonably have so affected the result. Here plaintiff had a right to introduce all relevant and admissible testimony tending to show a cause of action. No limitation is shown on this right by the motion, by the evidence introduced thereon, by the record considered as a whole. So far as this record goes, each party introduced all relevant testimony available. There is not an intimation in the brief of the plaintiff that such was not the case. On the hearing on April 24, 1944, plaintiff was accorded the opportunity to introduce any testimony showing that he had a meritorious case. He did not avail himself of this opportunity. He fails to show any injury. This entire record shows beyond question he was not injured. Under such circumstances, in our opinion, the trial court properly overruled the motion for a new trial. Montgomery v. Carlton, 56 Tex. 431; Contreras v. Haynes, 61 Tex. 103; Holliday v. Holliday, 72 Tex. 581, 10 S.W. 690; Bartlett v. S. M. Jones Co., Tex.Civ.App., 103 S.W. 705; Dempsey v. Taylor, 4 Tex.Civ. App. 126, 23 S.W. 220; Kruegel v. Bolanz, Tex.Civ.App., 103 S.W. 435.

The introduction of the judgment in the case of Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569, established beyond the suspicion of a doubt that plaintiff had no right in the area here involved—established this even though Bryant's lease were invalid, which it was not.

There is no reversible error in this case and the judgment of the trial court is affirmed.