## FERGUSON et al. v. COMMISSIONERS COURT OF SABINE COUNTY.

### No. 4609.

Court of Civil Appeals of Texas. Beaumont.
March 31, 1950.

Motion for Rehearing Overruled
May 24, 1950.

See also Tex.Sup., 227 S.W.2d 1022.

Fisher & Tonahill, Jasper, for appellant.

Minton & Minton, Hemphill, and L. E. King, Hemphill, for appellee.

WALKER, Justice.

This proceeding, although involving a prayer for injunctive relief, is in fact an election contest; and the appeal before us was taken by the contestants from a judgment of the district court of Sabine County dismissing the contest pursuant to a plea by contestees, styled by them a plea in abatement, although in fact a plea to the jurisdiction. Since the document is so referred to by the parties, and is so identified in the record, we shall also refer to it as a plea in abatement. The record identifies contestants as plaintiffs and contestees as defendants, and the parties will be so styled in this opinion. The trial court's judgment was rendered upon a trial to the court without a jury; and at plaintiff's request, the trial court filed findings of fact and conclusions of law. A statement of facts has also been filed. None of the trial court's findings of fact have been attacked on this appeal.

The scope of the trial is not entirely clear to us. Defendants say that their plea and the petition of plaintiffs, as finally amended, were tried together, and that the plea was sustained at the conclusion of the hearing. Plaintiffs seem to say that only the plea was heard, and we note that the statement of facts refers only to a hearing on defendants' plea in abatement and is certified as showing the proof heard under said plea. Furthermore, we note that in the statement of facts appear objections by defendants to the admission of testimony except as relevant to the plea in abatement. However, the trial court's first conclusion of law is, in effect, that the relevant election statutes had been complied with, which indicates some belief on the part of the trial judge that the merits of plaintiffs' petition were before him, and there is some general language in the judgment under review which indicates that the cause came on for trial on its merits. We are inclined to believe, nevertheless, that the trial court actually heard nothing but the defendants' plea in abatement but we conclude that if the plea and the petition really were tried together, this was done by the consent of the parties.

At any rate, the merits of the contest are not before us, and the only question we have to decide is whether the trial court correctly sustained the defendants' plea in abatement.

The election contested was called and held under Article 6930, R.S.1925, to determine whether hogs, sheep and goats should be permitted to run at large within a subdivision of Sabine County. The trial court found that the election was held on November 24, 1948; that the returns of this election were canvassed by the Commissioners Court of Sabine County on December 13, 1948; and that this canvass showed "a majority vote for said stock law." We construe the finding as showing that a majority of votes had been cast in favor of prohibiting the running at large of hogs, sheep and goats within the particular subdivision of Sabine County.

On the 30th day after this canvass, to-wit, on January 12, 1949, plaintiffs filed a pleading in the district court of Sabine County complaining of the defendants, namely, the County Judge and the 4 Commissioners of said county. Plaintiffs alleged that the election was void for various reasons and prayed that defendants be restrained from enforcing the stock law and further that the election be adjudged void. This pleading was signed by plaintiffs' attorney; and was also sworn to be one of the plaintiffs. This pleading did not allege that the statutory notice of intention to contest and the grounds of contest had been served upon defendants.

On the same day, namely, January 12, 1949, the trial court granted an injunction which is styled a temporary injunction in the order granting same. Apparently, this order was made ex parte, upon the allegations of the petition. The order purports to restrain the defendants "from—doing anything toward issuing a proclamation declaring the result of said stock law election—on November 24, 1948; and further restraining the defendants—from doing anything to make the stock law effective in the area in which said election was held; and further restraining the defendants—from doing any act necessary to the en-

forcement of stock law in said area in which said election was held". The order directed the issuance of a writ and service of same, accompanied by a copy of the petition, upon the defendants. Issuance of the writ was conditioned upon plaintiffs filing an injunction bond in the sum of $300; and on the same date, to-wit, January 12, 1949, plaintiffs filed, and the district clerk approved, said bond.

Also on the same date, to-wit, January 12, 1949, which as stated was the 30th day after the election returns were canvassed, this injunction order, with a certified copy of the petition, was served upon 3 of the defendants, namely, the County Judge and 2 of the Commissioners. The document served is informal in some respects but it was sufficient to put defendants upon notice of the filing of the petition, of the contents of said petition, of the parties plaintiff and defendant, and of the granting and terms of the injunction order hereinabove mentioned. Service of this process was made by a deputy sheriff of Sabine County acting in the name of and in behalf of the sheriff of said county. The officer's return of service, which is affixed to the process, shows that service of said process was made by him upon the other 2 Commissioners on the day following, namely, January 13, which was the 31st day after the date of the canvass. However, the trial court has found (5th finding), and no attack has been made on the finding, that "a certified copy of such petition (the reference is to the original petition) and exhibits attached thereto as well as a copy of the temporary injunction issued in this cause was served on each of the defendants or contestees in this cause on said 12th day of January, 1949, the 30th day (*after* apparently omitted) the returns were canvassed and the results declared by the said Commissioners Court".

This process, with the officer's return of service thereof were filed among the papers of the court on January 13, 1949. Said return reads:

### "Sheriff's Return

Came to hand on the 12 day of January, A.D., 1949 at 2 o'clock, P.M. and executed on the Defendants as shown below by delivering to the within named defendants, in person, a true copy of this writ, and plaintiffs' petition at the following times and places, to-wit:

Commissioners Court Of Sabine County, Texas

| | | |
|---|---|---|
| O.A. Beauchamp | O.A. Beauchamp | 1–12–49 |
| G.B. Conn | G.B. Conn | 1–12–49 |
| E.C. Smith | E.C. Smith | 1–13–49 |
| J.R. Thomas | J.R. Thomas | 1–13–49 |
| Hollis J. Wickers | Hollis J. Wickers | 1–12–49 |

Fees:
Serving writ ........... $6.25
Mileage——Miles—— $ ——
   Total ........... $6.25

      H.E. Solly
      Sheriff Sabine Co. Tex.
   Deputy R.E. Smith
      Sheriff, Sabine County, Texas."

On January 18, 1949, 5 days after process and return were filed, defendants filed an instrument styled by them a plea in abatement but alleging that the trial court had no jurisdiction of the cause for the reason that said cause was an election contest and; (1) Plaintiffs, the contestees, had not made the County Attorney of Sabine County a contestee; (2) 2 defects in the petition were alleged, one being as follows: "The plaintiffs have failed to allege in their petition that any notice of their intention to contest the results of said election has ever been served upon the County Attorney of Sabine County, Texas"; (3) and that Plaintiffs had in fact failed to serve upon said County Attorney, the statutory notice of contest and grounds of contest within the statutory 30 days.

Subject to this plea, the defendants filed an answer.

On January 22, 1949, 4 days later, the aforesaid plea was amended and as amended alleged that the cause was an election contest and that the trial court had no jurisdiction of same, for the reasons: (1) The petition was defective in two respects, one being: "The plaintiffs have failed to allege in their petition that any notice of their intention to contest the results of said election have ever been served upon the defendants herein"; and (2) the statutory notice of contest and the grounds of contest had not in fact been served upon the defendants within the statutory 30 days.

On the same day that the amended plea was filed, to-wit, January 22, 1949, plaintiffs amended their petition in various respects, but praying as formerly that the election be adjudged void and for injunctive relief. This amended petition did not allege that the notice of intention to contest and the grounds of contest referred to in and required by Article 3042 had been served upon defendants.

The amended plea was addressed, in terms, to the pleading which plaintiffs had filed on January 12th; but the parties and the trial court have treated it as directed to the amended pleading of plaintiffs, and it was this amended plea which the trial court sustained. The amendment of said plea was not questioned by the plaintiffs.

The trial court made the following findings and conclusions concerning the hearing of said amended plea:

### 6.

"I find that such original petition filed by the plaintiffs or contestants failed to allege that within thirty days from the date of canvassing of the returns of said election and the declaration of the results thereof such plaintiffs, or contestants, caused to be served on defendants, or contestees, a notice of intention to contest such election and a statement of the ground upon which they proposed to contest such election.

### 7.

"I find that this failure to make such allegation in the original petition of the plaintiffs or contestants was set forth as one of the grounds of the defendants or contestees in their plea in abatement filed January 18th, 1949 asking that this suit be dismissed.

### 8.

"I find that in the amended plea in abatement filed by the defendants or contestees on the 22nd day of January, 1949 this same objection was urged to the original petition and that on the same date the plaintiffs filed their amended petition which also failed to make such allegation as to service of notice of intention to contest and grounds of contest of such election

### 9.

"I find that the counsel for the plaintiffs strongly contended that such an allegation was necessary to confer jurisdiction upon this court to hear this cause.

### 10.

"I further find that no request at the hearing was made by the counsel for the plaintiffs or contestants for permission to amend their pleadings so as to include such allegation therein.

### 11.

"I further find that upon announcing the decision of the court to dismiss such petition and sustain such plea in abatement the attorney for the plaintiffs or contestants immediately gave notice of appeal from such decision to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, at Beaumont, Texas and requested that such notice of appeal be incorporated in the Court's judgment, which was accordingly done at once."

### "Conclusions of Law

### 2.

"I conclude, that, inasmuch as neither the original nor the amended petition filed by the contestants in this cause alleged that within thirty days from the date the returns of said election were canvassed and the results of said election declared by the commissioners' court a notice of intention to contest said election and statement of grounds of contest were served on the contestees or defendants, or their attorney, as required by law, and inasmuch as no request was made by the plaintiffs or contestants to further amend their pleadings, this court is without jurisdiction to hear or determine said cause on its merits or to make any order other than to dismiss said cause, which was accordingly done.

"E. A. Lindsey
"Judge of the District Court
of Sabine County, Texas."

The statement of facts shows that the process served upon the defendants and the officer's return of service were exhibited to the trial court.

The judgment under review sustains in general terms defendants' plea in abatement, without identifying the particular ground of said plea which was sustained. However, the conclusion of law just quoted shows that the grounds sustained were paragraphs 3 and 8 of said plea, excepting to the petition because said petition did not allege that the statutory notice of intent to contest, and, perhaps (but this is not so clear) that the grounds of contest had been served upon defendants.

The trial court's judgment was dated January 22, 1949; and on February 3rd, 12 days later, plaintiffs filed a motion in effect a motion for new trial, praying that said judgment be set aside and that be given leave to amend their petition so as to allege service of the statutory notice and grounds. Plaintiffs say that this motion was overruled; but no order overruling same appears in the transcript.

*Opinion*

■ (1) We attach no significance to the lack of an order adjudicating plaintiffs' motion to vacate the trial court's judgment and to grant them leave to amend their petition. In legal effect, the motion was one for a new trial; and if this motion was not overruled by order of the trial court, as defendants say, then it has certainly been overruled by operation of law under either Subsection 1 of Art. 199, R.S.1925, as amended, Vernon's Ann.Civ. St. art. 199, subd. 1, or under Subsection (J) of Rule 330, Vernon's Texas Rules of Civil Procedure. Fitzgerald v. Lane, 137 Tex. 514, 155 S.W.2d 602; Houston Life Insurance Co. v. Dabbs, 125 Tex. 100, 81 S.W.2d 42; Combined American Ins. Co. v. Morgan, Tex.Civ.App., 207 S.W.2d 701 and Tex.Civ.App., 214 S.W.2d 145. Perfection of this appeal directly from the judgment of dismissal and the prosecution of said appeal by filing the record in this court, all within the times required by law, vested this court with jurisdiction to review said judgment even though a motion for a new trial may have been pending when these things were done. Golden Rod Oil Co. No. 1 v. Golden West Oil Co. No. 1, Tex.Com.App., 293 S. W. 167, page 168 (Hns. 1, 2); City of Abilene v. American Surety Co., Tex.Civ. App., 73 S.W.2d 616; Glasscock v. Bryant, Tex.Civ.App., 185 S.W.2d 595. This result, arrived at under the Texas Rules of Civil Procedure, would certainly seem correct in an appeal taken in an election contest pursuant to Art. 3056, R.S.1925, which in terms authorizes an appeal from the trial court's judgment. See: Beeler v. Loock, Tex.Civ. App., 135 S.W.2d 644. We proceed to a discussion of the merits of the appeal.

(2) Plaintiffs have filed one Point of Error for reversal, reading as follows:

"Appellants' petition containing the essential necessary allegations, and the evidence conclusively showing that defendants were served with notice of contest and grounds for contest within thirty days from the date said election returns were canvassed by the Commissioners Court of Sabine County, Texas, it was therefore error for trial court to sustain appellees' plea in abatement and dismiss said suit."

On the following grounds, a majority of the court holds that the trial court erred in sustaining the plea in abatement and in dismissing the cause.

(3) As we have previously stated, this proceeding is an election contest, so treated and styled by the parties.

■ The County Judge of Sabine County was the only necessary contestee. It is provided in Art. 3070, R.S.1925, which applies to this contest, that "the officer who declared the official result of said election * * * shall be made the contestee, and shall be served with notice and statement, and shall file his reply thereto as in the case of a contest for office." The canvass of the returns, and the declaration of the result of the election contested were governed by Arts. 6936 and 6937, R.S.1925. It is provided in Art. 6936 that the Commissioners Court shall open, tabulate and count the returns of the election; and it is provided in Art. 6937 that "if a majority of the votes cast at such election shall be 'For the stock law,' the county judge shall immediately issue his proclamation declaring the result". We conclude that by virtue of Art. 6937, the County Judge of Sabine County was "the officer who declared the official result

of said election" within the meaning of Art. 3070, and was therefore the only necessary contestee. See; Hooker v. Foster, 117 Tex. 237, 1 S.W.2d 276.

■ (4) Due service of the statutory notice of intention to contest and grounds of contest was made upon the County Judge of Sabine County within the statutory time. That is, the documents served upon the County Judge of Sabine County on January 12th were served within the 30 day period fixed by Art. 3042, R.S.1925; and according to the following decisions, these documents constituted such a notice of intent to contest and such a statement of the grounds of contest as were required by Arts. 3042 et seq., which apply here, and it is immaterial that said notice and statement were filed in the District Court before service thereof was made upon Defendants, as seems to have been the case. Messer v. Cross, 26 Tex.Civ.App. 34, 63 S.W. 169; Dunne v. Sayers, Tex.Civ.App., 173 S.W. 503; Kennison v. DuPlantis, Tex.Civ.App., 220 S.W. 118; Hewitt v. Mays, Tex.Civ.App., 253 S.W. 610; Hill v. Ramsower, Tex.Civ.App., 258 S.W. 495, on rehearing; Sanford v. Commissioners' Court, Tex.Civ.App., 170 S.W.2d 846.

That due service of notice and grounds was had upon the County Judge of Sabine County (and upon two of the Commissioners) is apparent upon the face of the transcript of the record of this cause, which contains the process served upon these defendants, with the deputy sheriff's return thereon. Furthermore, if effect is to be given to the trial court's fifth finding of fact, then we shall be required to hold that due service of notice and grounds had been made upon *all* of defendants. For according to this finding the service which the deputy sheriff's return shows was made upon the County Judge (and two of the Commissioners) on the 30th day of the statutory period was also made on that day upon the other two Commissioners as well.

Thus it appears, not only upon the face of the transcript but also from the trial court's findings of fact that the allegations in the amended plea in abatement (see paragraph 6 of said plea) which charge that due service of the statutory notice and grounds had not been made upon defendants cannot be sustained and that said allegations do not support the trial court's judgment. We refer to this matter because it supports the conclusion we have already drawn from the trial court's 2nd Conclusion of Law that the judgment under review sustained, and was based upon, paragraphs 3 and 8 of said amended plea in abatement, which pointed out that plaintiff's petition did not allege due service of the statutory notice of intention to contest and perhaps (but this is not so clear) also pointed out that the petition did not allege service of the statutory statement of grounds.

Incidentally, the only allegations in said plea which could support the trial court's judgment are those in said paragraphs 3 and 8. The omission charged in paragraph 4 of said plea (which defendants supplied in paragraph 5 immediately following) was substantially alleged in paragraph V of plaintiffs' amended petition.

(5) The trial court, then, actually had jurisdiction to hear and adjudge this contest. The court had potential jurisdiction of the contest under Art. 3069, R.S.1925. And this potential jurisdiction had vested in the trial court, and said court had acquired active jurisdiction of the contest, because the jurisdictional steps required by Arts. 3042, R.S.1925, et seq., had been complied with.

Nevertheless, plaintiffs' pleadings did not show that all of these jurisdictional steps had been taken, and thus did not show that the trial court had acquired active jurisdiction of the contest. For neither the original nor the amended petition alleged that the statutory notice of intention to contest and the statutory statement of grounds of contest had been served upon any of the defendants, within the statutory 30 days or otherwise. The form of the pleadings to be filed in the trial court is not prescribed by the election contest statutes; but it has often been held or said that the petition, or rather, the statement of grounds, filed in the trial court must show that said court had acquired jurisdiction of the contest, and, for that reason, must allege due serv-

ice of the statutory notice and grounds. See: Wright v. Fawcett, 42 Tex. 203; Bassel v. Shanklin, Tex.Civ.App., 183 S.W. 105; Cauthron v. Murphy, 61 Tex.Civ.App., 462, 130 S.W. 671; Kincannon v. Mills, Tex.Civ.App., 275 S.W. 1083; Barker v. Wilson, Tex.Civ.App., 205 S.W. 543; Moore v. Commissioners' Court of Titus County, Tex.Civ.App., 192 S.W. 805; Moon v. Alred, Tex.Civ.App., 277 S.W. 787; Thurston v. Thomas, Tex.Civ.App., 7 S.W.2d 105; Norton v. Alexander, 28 Tex.Civ.App. 466, 67 S.W. 787; Adamson v. Connally, Tex. Civ.App., 112 S.W.2d 287; Rister v. Plowman, Tex.Civ.App., 98 S.W.2d 264; Turner v. Allen, Tex.Civ.App., 254 S.W. 630.

However, this rule of decision has not been invariably applied. Most of the decisions cited involve action upon demurrer, exception or some form of special plea which, since it attacked the form of contestants' pleading, amounted to an exception; and since it appears from some of these decisions that the missing allegation of due service which was thought necessary could be supplied by amendment, this rule of decision actually concerns nothing more than a matter of pleading.

Something of the sort has been held. Thus in Cook v. Epperson, Tex.Civ.App., 288 S.W. 556, 558, a contest of a road bond election, the court said, in reference to Arts. 3042 and 3069, R.S.1925: "The law does not require a contestant to file a petition or statement of the grounds of contest not subject to general demurrer or special exception, but merely that notice shall be given that the contestant intends to contest and the reasons for such conest. The grounds may not be reasonable or tenable, and still the notice would be given and the contestee would be compelled to answer as in any other case. Should the grounds of contest be inconsistent and contradictory one of the other, that would not destroy the jurisdiction of the court, but would subject the statement to attack through exceptions. The form of the pleadings or lack of form would not be a jurisdictional matter. The district court in this instance had jurisdiction of the subject-matter, and that jurisdiction could not be destroyed by imperfect, or even impertinent, allegations."

And in Garitty v. Halbert, Tex.Civ.App., 235 S.W. 231, at page 236, the court affirmed an order overruling a general demurrer to contestants' petition, although the petition did not allege service of the notice of contest, because the "record" showed that the notice had in fact been served as required by law. The court said: "From an examination of the authorities we have reached the conclusion that, although a compliance with said requirements is essential to confer jurisdiction on the trial court, nevertheless, where it appears from the record of the proceedings that such requirements were in fact complied with, jurisdiction will thereby attach; and, as the record in this respect clearly establishes the fact that the requirements of article 3051 (this is now Art. 3042) were sufficiently complied with, we therefore hold that it was not necessary for a formal allegation to be made in appellants' pleadings in order to show that such jurisdictional requirements had been complied with; therefore the action of the court in overruling appellees' general exception to appellants' pleadings is sustained."

A similar decision seems to have been made in Baker v. Webster, Tex.Civ.App., 123 S.W.2d 690, 691.

(6) Now, the particular grounds of defendants' amended plea in abatement which, according to the trial court's 2nd conclusion of law, were sustained, and which, under our conclusion hereinbefore stated were the only grounds of said plea which might afford support for the trial court's judgment, were in effect nothing more than exceptions to plaintiffs' pleading; for said grounds (paragraphs 3 and 8 of said plea) attacked the form of said pleading, referring to omitted allegations. We think that these grounds of the amended plea are to be construed as being, and are to be adjudicated, as exceptions; and thus it must be said that the rule of decision stated above, requiring due service of the statutory notice and grounds to be alleged, was invoked by defendants in the trial court. However, we think that on this record, this rule of decision need not be applied because of another rule of decision concerning exceptions, which ought to be applied instead.

We refer to the rule that in hearing a demurrer or exception, the trial court can take into consideration facts of which said court can take judicial knowledge; and on the basis of those facts, although the same are not pleaded, must overrule the demurrer or exception. See: Ben C. Jones & Co. v. West Pub. Co., 5 Cir., 270 F. 563; Carr v. Cleveland, Tex.Civ.App., 86 S.W. 2d 858. Thus it is held that facts of which the court can take judicial knowledge need not be pleaded or proved. See: 17 Tex. Jur. 169 (Sec. 7); Crosby v. Bonnowsky, 29 Tex.Civ.App. 455, 69 S.W. 212; Levlon v. Dallas Ry. & Terminal Co., Tex.Civ.App., 117 S.W.2d 876; Montgomery Ward & Co. v. Peaster, Tex.Civ.App., 178 S.W.2d 302; Green v. Ligon, Tex.Civ.App., 190 S.W.2d 742; Hill v. Hill, Tex.Civ.App., 205 S.W.2d 82; Hurley v. Reynolds, Tex.Civ.App., 157 S.W.2d 1018. Judicial notice is taken of ancillary proceedings without the same having been pleaded or proved. See: Olivares v. Garcia, 127 Tex. 112, 91 S.W.2d 1059; Andrews v. Hedrick Sav. Bank, Tex.Civ. App., 103 S.W.2d 838. And before rendering a default judgment against a garnishee, the trial court had to take notice of proceedings had in the main case, which was a foreclosure, in which a deficiency had not been determined, by reason whereof default judgment against the garnishee was held void in the garnishee's subsequent suit in the same court to vacate said judgment. Hale County State Bank v. Bray, Tex.Civ.App., 97 S.W.2d 337.

And there were facts of which the trial court could have taken judicial knowledge when hearing the grounds of the amended plea which were sustained and which were held to be exceptions. The facts to which we refer were the process served upon the County Judge of Sabine County, the only necessary contestee, on the 30th day of the statutory period, together with the officer's return thereon. This process, exhibiting a copy of the temporary injunction and a copy of plaintiffs original petition, duly signed and sworn to, and the aforesaid return, were filed in the trial court on January 13, 1949, and were among the papers of the case when the amended petition was filed and when defendants' amended plea in abatement was presented to and heard by the trial court. These documents were called to the trial court's attention and the trial court treated them as proof which had to be pleaded instead of treating them as facts of which judicial knowledge could be taken. This process and the officer's return of service thereon showed that the trial court had acquired active jurisdiction of this contest; and under the rule of decision stated immediately above, we think that the trial court, in considering the exceptions to the petition which were contained in the amended plea in abatement should have taken judicial knowledge of said process and return (instead of treating the same as proof which had to be alleged) and should therefore have overruled said exceptions.

This conclusion requires that we reverse the trial court's judgment; for as we have shown above, these exceptions were the only grounds of defendants' plea which might support said judgment.

Although the opinion is not entirely clear, we are inclined to construe the holding in Garitty v. Halbert, noted above, as based upon similar conclusions.

Mr. Justice MURRAY is not entirely satisfied that the conclusion arrived at above is correct.

The judgment of the trial court is accordingly reversed and the cause is remanded.